466 So.2d 278 (1985)
Frederick William KNOWLTON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-184.
District Court of Appeal of Florida, Fourth District.
February 20, 1985.
Rehearing and Certification of Question Denied April 17, 1985.
*279 Richard G. Lubin of Lubin & Mincberg, P.A., West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
Frederick William Knowlton pled guilty to the second-degree felony of robbery and was sentenced to five years' imprisonment, a departure from the sentencing guidelines. He appeals the sentence; we reverse.
At approximately 4:30 a.m. on May 22, 1983, appellant and his accomplice, Jan Moore, entered the premises of Jerry's Catering Service at the Palm Beach International Airport. They were unarmed. Clara Ferone, aged 63, was working at Jerry's alone. She recognized both appellant and his accomplice as former employees. Appellant bound and gagged Mrs. Ferone, cutting and bruising her lip in the process. She was not beaten. She also contends that appellant took off her glasses and threw them across the room, but appellant did not recall this. Mrs. Ferone was afraid they would kill her, since she could identify them. They took over $10,000.
After the robbers left, Mrs. Ferone freed herself sufficiently to call the Sheriff's Department. A deputy sheriff on patrol at the airport stopped appellant's car. A bag of money was found in plain view in the front of the car and appellant confessed to the robbery.
Appellant pled guilty and elected sentencing under the guidelines. He received fifty-seven points, which called for a sentence of community control or twelve to thirty months' incarceration. The trial court chose to depart from the guidelines and sentenced appellant to five years in prison. The order and addendum attached to the scoresheet gave the following reasons for the departure:
1. The robbery was planned in advance;
2. The victim was bound and gagged;
3. A substantial amount of money (over $10,000) was taken; and
4. The victim is 63 years old.
Appellant challenges on appeal the trial court's departure from the guidelines.
As a threshold matter, the state contends that appellant may not bring this appeal because of his guilty plea. The state's assertion is correct to the extent that appellant is precluded from directly appealing the plea itself. Robinson v. State, 373 So.2d 898 (Fla. 1979). He is, however, not precluded from appealing his sentence where the trial court departed from the sentencing guidelines. Key v. State, 452 So.2d 1147 (Fla. 5th DCA 1984); Garcia v. State, 454 So.2d 714 (Fla. 1st DCA 1984); Albritton v. State, 458 So.2d 320 (Fla. 5th DCA 1984). In fact, sections 924.06(1) and 921.001, Florida Statutes, have now been amended to specifically provide for the right to appeal a sentence imposed outside the guidelines. See §§ 924.06(1)(e) and 921.001(5), Fla. Stat. (1983).
Turning to the merits of appellant's argument, Florida Rule of Criminal Procedure 3.701(b)(6) provides:
While the sentencing guidelines are designed to aid the judge in the sentencing decision and are not intended to usurp judicial discretion, departures from the presumptive sentences established in the guidelines shall be articulated in writing and made only for clear and convincing reasons.
The guidelines themselves do not define "clear and convincing reasons." Some guidance as to the definition was, however, provided by Judge Dell in Slomowitz v. Walker, 429 So.2d 797 (Fla. 4th DCA 1983), wherein he defined clear and convincing evidence as that which "will produce in the mind of the fact finder a firm belief or conviction as to the truth of the facts sought to be established." Id. at 799 (citations omitted). In the later case of Mischler v. State, 458 So.2d 37, 40 (Fla. 4th DCA 1984), this time dealing specifically with what constitutes clear and convincing reasons for departure from the guidelines, we observed that:

*280 Clear and convincing reasons for departure have been held in Florida to include violation of probation repeated criminal convictions, crime "sprees" or "binges," "careers" of crime, extraordinary mental or physical distress inflicted on the victim, and extreme risk to citizens and law enforcement officers. We ask ourselves: What do all these reasons have in common? The answer appears to be an excess in crime which either results in repetitive convictions, successive probation violations which decry the likelihood of rehabilitation or unusual physical or psychological trauma to the victim. To that, we now add crimes committed in a repugnant and odious manner.
(Footnotes omitted). Under this standard, we find that the trial court's reasons in the instant case are not "clear and convincing."
The trial court's first reason for departure was that the robbery was planned in advance. Premeditation was specifically held to be an inappropriate reason for departing from the guidelines in Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984), because it is "an inherent component of any robbery, and hence may properly be viewed as already embodied in the guidelines recommended sentencing range." Id. at 15.
The trial court's second reason (that the victim was bound and gagged) would be a proper reason for departure only if it constitutes "extraordinary mental or physical distress." Mischler, 458 So.2d at 37. The binding and gagging of the victim in this case simply do not rise to that level. Appellant was unarmed. The victim suffered only slight physical injury. She testified that she was fearful of being killed because she could identify the robbers but also stated that she would have the same fear had they been strangers to her, and the presence of some degree of force or the placing of the victim in fear is itself an element of robbery. § 812.13, Fla. Stat. (1983). Cf. Davis v. State, 458 So.2d 42, 44 (Fla. 4th DCA 1984) (physical distress and emotional trauma to victim proper as a basis for departing from guidelines where "[t]he facts show something more than a simple robbery. The young male defendant chose a relatively helpless female to terrorize, kidnap and promise to kill while holding a gun at her head rendering her `madly hysterical.'")
As to the third reason for departure  the amount of money taken  this court found in Mischler that although the victim suffered a great economic loss ($14,000-$19,000), this would not support a departure from the guidelines where "the record does not reveal him to have suffered severe physical or psychological trauma." 458 So.2d at 40. The trial court in the instant case therefore erred in departing from the guidelines based upon the fact that the amount of money taken exceeded $10,000.
The court's final reason for departure  the victim's age  could have been considered in determining whether the victim suffered great physical or psychological injury. However, the advanced age of the victim, without more, does not support a finding that the crime was committed in a "repugnant and odious manner." Mischler.
We also note that, from his comments in his addendum to the sentencing guidelines scoresheet, the trial judge appears to have been under the mistaken impression that he could not sentence appellant to prison under the guidelines. On page two of the addendum, he made the following statement:
I do not know why the Commission scored this particular type of offense for any non-state prison sanction for I have always felt philosophically that an important crime of violence, such as this is, deserves State Prison time even though it may be a first offense.
It is difficult to justify this statement since the points scored fell within the guideline range of any non-state prison sanction or twelve to thirty months' incarceration. The trial judge's main concern appears to be that appellant serve time in prison, *281 which he could have accomplished within the guidelines.
Appellant next contends that he was denied due process of law because the sentencing guidelines do not specifically list those factors which will permit the trial court to depart from the guidelines. Appellee's contention that appellant cannot challenge the constitutionality of the statute where he did not raise the issue in the trial court is incorrect, since appellant is permitted to raise a due process violation and assert the facial invalidity of the statute for the first time on appeal. Hargrave v. State, 427 So.2d 713 (Fla. 1983); Trushin v. State, 425 So.2d 1126 (Fla. 1982).
In our judgment, the failure of the guidelines to specify those factors which constitute "clear and convincing" reasons does not violate due process. First, the guidelines specifically state that they are "not intended to usurp judicial discretion... ." If the trial judge could not deviate from a specified list of factors, discretion would be virtually eliminated. In Mincey v. State, 460 So.2d 396 (Fla. 1st DCA 1984), the defendant contended that the sentencing guidelines violate due process because they do not provide that the trial court must inform the defendant prior to the sentencing hearing that it intends to exceed the recommended range and the reasons therefor. The appellate court rejected the defendant's argument
because imposition of any sentence within the statutory limit, whether or not the sentence exceeds the recommended range, is still a matter within the trial court's discretion. Florida Rule of Criminal Procedure 3.701(b)(6). Of course, that discretion is subject to the "clear and convincing" standard, but it does not follow that a defendant is therefore entitled to the full panoply of due process rights every time a trial court announces it intends to aggravate a sentence beyond the recommended range.
Id. at 397 (citation omitted).
We reverse the sentence and remand for resentencing of appellant within the guidelines. The reasons given by the trial court for departure do not constitute "clear and convincing reasons" as required by Florida Rule of Criminal Procedure 3.701.
REVERSED and REMANDED.
DOWNEY and WALDEN, JJ., concur.