483 So.2d 537 (1986)
Roger Dale BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-477.
District Court of Appeal of Florida, Second District.
February 21, 1986.
*538 James Marion Moorman, Public Defender and Joseph Eugene Perrin, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Frank J. Migliore, Jr., Asst. Atty. Gen., Tampa, for appellee.
RYDER, Chief Judge.
Roger Dale Brown was charged with grand theft on August 17, 1984. Trial was held on November 13, 1984. After a jury was selected and sworn, the appellant withdrew his plea of not guilty and entered a plea of nolo contendere to the charge.
Later, the appellant filed a motion to withdraw this plea of nolo contendere. The appellant alleged that newly-discovered evidence could exonerate him at trial. A hearing on this motion was held on January 29, 1985. The trial court denied the motion.
On February 5, 1985, the trial court adjudged the appellant guilty of grand theft and sentenced him to five years in the state prison. The trial court explained at the hearing that the reasons for this guidelines departure were the premeditation of the act and the circumstances surrounding the crime. In written reasons, the court noted that departure was due to the amount of money involved, the age of the victim, and the premeditated nature of the crime.
Counsel for appellant objected to the imposition of sentence on the grounds the court had not spoken to Mrs. Lawson, the victim of the crime. The appellant requested that the court speak to Mrs. Lawson alleging that the presentence investigation report incorrectly stated his involvement in the crime, and she could clarify this matter.
A motion to mitigate or modify the sentence was filed and heard. At the hearing, the court recognized that its primary concern was whether Brown was, in fact, the party who made contact with Mrs. Lawson and instigated the theft. The victim testified and emphatically identified Brown as the man who committed this crime. The motion was, thereafter, denied.
Subsequently, Brown appealed, alleging, inter alia, that he was erroneously sentenced, particularly since the imposed sentence departed from the guidelines with improper reasons for justifying departure. We agree and reverse the sentence portion of the adjudication.
The written reasons for departure included the amount of money stolen, victim's age and premeditation. Premeditation is not a proper factor to deviate from the sentencing guidelines. Carter v. State, 468 So.2d 276 (Fla. 1st DCA 1985); Knowlton v. State, 466 So.2d 278 (Fla. 4th DCA 1985); and Carney v. State, 458 So.2d 13 (Fla. 1st DCA 1984). Likewise, the amount of money involved in the crime does not support a departure from the guidelines *539 where "the record does not reveal [victim] to have suffered severe physical or psychological trauma," relative to the economic loss. Mischler v. State, 458 So.2d 37, 40 (Fla. 4th DCA 1984). Knowlton. To the contrary, a victim's age is a factor which can be considered in determining the victim's degree of suffering from physical or psychological injury. Knowlton. However, the advanced age of the victim, without more, does not support a finding that the crime was committed in a "repugnant and odious manner," such that would warrant guidelines departure. Knowlton, citing Mischler.
According to Albritton v. State, 476 So.2d 158 (Fla. 1985), when a departure sentence is based on both valid and invalid reasons, the sentence should be reversed and the case remanded for resentencing unless the state is able to show beyond a reasonable doubt that the absence of the invalid reason would not have affected the departure sentence. The state is deficient in this respect.
Therefore, we reverse the trial court's sentence and remand with instructions that the court sentence Brown within the guidelines or depart therefrom with proper, clear and convincing reasons.
SCHOONOVER and HALL, JJ., concur.