508 So.2d 506 (1987)
Linford FLETCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1782.
District Court of Appeal of Florida, Fourth District.
June 10, 1987.
Patrick J. Curry, Fort Lauderdale, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Eddie J. Bell, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The jury verdict found the defendant guilty of trafficking in cannabis and conspiracy to traffic in cannabis, whereupon the trial judge aggravated the defendant's *507 sentence outside the guidelines. We reverse.
The judge gave three reasons in support of departure. They were:
1. That with regard to this particular crime, the defendant was "Mr. Big" and, as the judge remarked, "[i]t was his boat, his deal and the profits would have been his."
2. That the defendant had asked other witnesses to perjure themselves at the trial.
3. That the defendant planned and calculated the crime with sophistication and well organized premeditation including "months of plotting and scheming."
As to the defendant's status as "Mr. Big," category seven of the sentencing guidelines delineates the scoring for drug offenses. There does not appear to be any room to aggravate a defendant because he is in charge of a drug operation, owns the boat, plane or vehicle in which the drugs are transported and is plying his illegal trade for profit. We can assume that every criminal venture involving multiple defendants has its leader. Whoever owns the transportation is subject to its forfeit under other provisions of the law and, to be sure, all criminals are into drug trafficking for profit. On the other hand, if we follow the Supreme Court's rationale in Hankey v. State, 485 So.2d 827 (Fla. 1986), there is no bar to departure if the defendant fits the "Mr. Big" description. In Hankey, the Supreme Court pointed out that the guidelines do not explicitly prohibit departure in a burglary case where breach of trust is involved and that a breach of trust is not an inherent component of the crime of burglary. Adapting this same reasoning to the case at bar, the guidelines do not explicitly prohibit departure so far as the ringleader in a drug trafficking case is concerned. Nor is his status as the leader of this criminal enterprise an inherent component of it. As a consequence, we conclude that being "Mr. Big" constitutes a valid ground for upward departure. This result also comports with our version of common sense. The mastermind of a complicated drug deal is surely deserving of a stiffer sentence than the lackey who plays no part other than to carry the contraband.
As to the alleged attempt to suborn perjury, the defendant was neither convicted nor charged with any such offense. The decisions around the state have not found perjury at trial to be a valid reason for departure. See Beauvais v. State, 475 So.2d 1342 (Fla. 3d DCA 1985); Jones v. State, 501 So.2d 178 (Fla. 4th DCA 1986). If perjury at trial is not a clear and convincing reason to depart, then attempted subornation of perjury at trial would have to be likewise unconvincing.
The third reason given for departure is much more complex and the courts have arrived at different conclusions. At first blush, it appears to us that all large drug trafficking cases, not to mention those involving a conspiracy, would "inherently" involve calculated premeditation and planning. That being so, and the guideline scoresheet and the statutes being set up to bring about harsher sentences for major drug deals, we believe that calculated premeditation and planning would be "inherent" in most large-scale drug offenses and therefore would not support departure. Indeed, in Knowlton v. State, 466 So.2d 278, 280 (Fla. 4th DCA), pet. for rev. denied, 476 So.2d 675 (Fla. 1985), we held that advance planning and premeditation were inappropriate reasons to depart in a robbery case because premeditation must be an inherent component of any robbery and therefore necessarily "embodied in the guidelines recommended sentencing range." However, some case law does not support that supposition. For example, see Steiner v. State, 469 So.2d 179 (Fla. 3d DCA), pet. for rev. denied, 479 So.2d 118 (Fla. 1985). Most importantly, our Supreme Court has ruled that "the calculated manner of commission [of sexual battery] is a clear and convincing reason for departure... . `Premeditation or calculation is not an inherent component of sexual battery' and may support a departure sentence if proved beyond a reasonable doubt." Casteel v. State, 498 So.2d 1249, 1252-53 (Fla. 1986).
*508 In the instant case, the trial judge, beyond a reasonable doubt, found that the offenses involved months of plotting and scheming. Thus, while planning and premeditation might support departure in a sexual battery case, we cling to the thought that planning and premeditation are inherent in all major drug deals and that such reasons will not support departure. On the other hand, there is case law to the contrary and some indication from Tallahassee of a resurgence of the trial judge's discretion. See, for example, Casteel and Barbera v. State, 505 So.2d 413 (Fla. 1987). Even our own court, in a fraud case, appeared to uphold planning and premeditation making no mention of our earlier Knowlton decision. Gitman v. State, 482 So.2d 367 (Fla. 4th DCA 1985). Accordingly, while we do not believe that premeditation and planning constitute grounds for departure we do believe that the matter is of great public importance and we hereby certify the following question to the Supreme Court:
WILL CALCULATED PLANNING AND PREMEDITATION, IN A MAJOR TRAFFICKING, AND CONSPIRACY TO TRAFFIC, DRUG CASE PERMIT A DEPARTURE FROM THE GUIDELINES OR ARE SUCH CALCULATED PLANS AND PREMEDITATION INHERENT IN SUCH OFFENSES SO THAT THEY ARE NECESSARILY EMBODIED WITHIN THE GUIDELINES?
Our conclusion calls for remand to reconsider the sentence under the rationale of Albritton v. State, 476 So.2d 158 (Fla. 1985), since we have found only one of the three reasons advanced for departure to be valid.
REVERSED AND REMANDED.
STONE, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
I concur in the result; however, with respect to the first reason for departure, I write because of disagreement with the reasoning and some other expressions of the majority. There being no prohibition by the Supreme Court against departure when there is clear and convincing evidence that there was a "mastermind" involved, I would join the First District Court of Appeal in approving departure in such circumstance as here. See Brinson v. State, 483 So.2d 13, 16 n. 3 (Fla. 1st DCA 1985).
I have no quarrel with the majority's analysis of the second reason for departure, but wish to address the third reason for departure in a manner that differs somewhat from the perception of the majority. Quite by happenstance my research in another case revealed the footnote in Brinson, and thus Gitman v. State, 482 So.2d 367 (Fla. 4th DCA 1985), which I related only to the first reason and not the third. The majority has appropriately discussed it in connection with the third reason; however, I view the handling of Gitman vis a vis Knowlton v. State, 466 So.2d 278, 280 (Fla. 4th DCA), pet. for rev. denied, 476 So.2d 675 (Fla. 1985) a little differently. I would recede from Gitman insofar as it approves of planning as a basis for departure in a fraud case. Such planning is, in my view, almost a definitional element of fraud just as it was of robbery in Knowlton and is in trafficking and conspiracy cases.
The majority notes that the panel in Gitman made no mention of Knowlton. Although on neither panel, I can understand its not being mentioned if it was not called to the panel's attention by someone. Moreover, Knowlton was not a fraud case, but a robbery case.
Finally, I would not certify the question, as framed.