530 So.2d 296 (1988)
STATE of Florida, Petitioner,
v.
Linford FLETCHER, Respondent.
No. 70853.
Supreme Court of Florida.
September 8, 1988.
Robert A. Butterworth, Atty. Gen., and Eddie J. Bell, Asst. Atty. Gen., West Palm Beach, for petitioner.
Patrick J. Curry, Fort Lauderdale, for respondent.
EHRLICH, Chief Justice.
We have for our review Fletcher v. State, 508 So.2d 506 (Fla. 4th DCA 1987), in which the district court certified the following question as one of great public importance:

*297 WILL CALCULATED PLANNING AND PREMEDITATION, IN A MAJOR TRAFFICKING, AND CONSPIRACY TO TRAFFIC, DRUG CASE PERMIT A DEPARTURE FROM THE GUIDELINES OR ARE SUCH CALCULATED PLANS AND PREMEDITATION INHERENT IN SUCH OFFENSES SO THAT THEY ARE NECESSARILY EMBODIED WITHIN THE GUIDELINES?
We have jurisdiction. Art. V, § (3)(b)(4), Fla. Const. We hold that planning and premeditation is not a valid basis for departure from the recommended guidelines sentences for drug trafficking and conspiracy to traffic convictions.
Fletcher was found guilty, by a jury, of trafficking in cannabis and conspiracy to traffic in cannabis. The trial judge departed from the recommended guidelines sentence, giving the following three reasons in support of the departure sentence:
1. That with regard to this particular crime, the defendant was "Mr. Big" and, as the judge remarked, "[i]t was his boat, his deal and the profits would have been his."
2. That the defendant had asked other witnesses to perjure themselves at the trial.
3. That the defendant planned and calculated the crime with sophistication and well organized premeditation including "months of plotting and scheming."
Fletcher, 508 So.2d at 507. On appeal, the district court affirmed Fletcher's convictions. The district court remanded the case to the trial court for reconsideration of the sentence, however, finding the second and third stated reasons for departure to be invalid. Albritton v. State, 476 So.2d 158 (Fla. 1985). The district court then certified the question now before this Court.
The state seeks review of the district court's determination that the third reason for departure is invalid.[*] We reject the state's argument that calculated planning and premeditation is a valid reason for departure in a trafficking and conspiracy to traffic case. As this Court has previously recognized:
Florida Rule of Criminal Procedure 3.701(d)(11) seeks to discourage unwarranted departures from the sentencing guidelines. Albritton v. State, 476 So.2d 158 (Fla. 1985). Neither reasons prohibited by the guidelines themselves, nor factors already taken into account in calculating the guidelines score, nor an inherent component of the crime in question can ever be used to justify departure from the guidelines. State v. Mischler, 488 So.2d 523 (Fla. 1986).
Scurry v. State, 489 So.2d 25, 28 (Fla. 1986) (emphasis added). We agree with the district court below that "all large drug trafficking cases, not to mention those involving a conspiracy, would `inherently' involve calculated premeditation and planning." 508 So.2d at 507. Accordingly, we approve the decision by the district court below that the fact that Fletcher planned and calculated the drug trafficking offenses is not a valid reason for departure. See Lerma v. State, 497 So.2d 736, 739 (Fla. 1986) (departure cannot be based on a factor common to nearly all crimes in the sentencing category).
We reject the state's argument that an "inherent component of the crime" should be defined as those facts which are essential to prove a statutory element of the crime. The facts that are essential to prove a statutory element of the crime are necessarily embodied in the recommended guidelines sentence. Accordingly, to so define the phrase would merely render it redundant with the prohibition against departing on the basis of factors already taken into account in calculating the guidelines score. See Mischler. The phrase is not so limited. As illustrated by prior decisions of this Court, the phrase includes factors or characteristics which necessarily precede or follow the criminal act itself, even though not included as a statutory element of the offense. See, e.g., State v. Rousseau, 509 So.2d 281, 284 (Fla. 1987) *298 ("type of psychological trauma to a victim that usually and ordinarily results from being a victim of the charged crime is inherent in the crime and may not be used to justify departure").
The district court correctly determined that calculated planning and premeditation is not a valid basis for departure in this case. Accordingly, we remand to the district court with directions to remand to the trial court for reconsideration of the sentence under the rationale of Albritton.
It is so ordered.
OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[*] Neither the state nor Fletcher seeks review of the district court's conclusions that being the "ringleader" of the drug operation was a valid basis for an upward departure and that the alleged attempt to suborn perjury was an invalid reason for departure.