583 So.2d 365 (1991)
Kevin KRAFT, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2297.
District Court of Appeal of Florida, Fourth District.
July 3, 1991.
Rehearing and Clarification Denied August 7, 1991.
*366 Richard L. Rosenbaum of Law Offices of Richard L. Rosenbaum, Fort Lauderdale, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Douglas J. Glaid, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from multiple judgments and sentences. The jury returned guilty verdicts against appellant on four separate counts, and the trial court sentenced appellant to a minimum mandatory fifteen-year term of imprisonment for Count V (trafficking in over 10,000 pounds of cannabis), a consecutive five-year minimum mandatory sentence for Count IV (conspiracy to traffic in over 2,000 pound of cannabis but less than 10,000 pounds), and two concurrent seven-year terms of imprisonment for Counts I (racketeering/RICO) and II (conspiracy to commit racketeering) to run consecutively to the sentences imposed for Counts V and IV. Additionally, appellant was fined $200,000 for Count V and $50,000 for Count IV.
We affirm the convictions of Counts I, II and IV, reverse the conviction of Count V and remand with direction to enter judgment, as to Count V, for trafficking in over 2,000 pounds of cannabis but less than 10,000 pounds pursuant to section 893.135(1)(a)2, Florida Statutes (1985).
Our reversal of Count V is occasioned by the state's failure to produce *367 competent evidence that the contraband's weight exceeded 10,000 pounds. See Sims v. State, 402 So.2d 459 (Fla. 4th DCA 1981). We conclude that there is competent evidence upon which to base a conviction for trafficking in over 2,000 pounds. There were not less than 130 odoriferous bales with a minimum weight of forty pounds each. We recognize that a percentage of noncontraband material existed in each bale as well as excess water-weight and wrappings; however, we are not obligated to disregard the obvious.
The trial court's reliance upon the guidelines in sentencing appellant under Counts I and II for RICO and conspiracy to commit racketeering was proper as those crimes were not completed until after the guidelines effectively had been adopted on July 1, 1984. Moreover, appellant's convictions for conspiracy to traffick in cannabis (Count IV) and trafficking in cannabis (Count V) also were properly scored under the sentencing guidelines because the activities underlying the former charge occurred between October 1, 1984 and December 30, 1984 and the activities underlying the latter occurred in 1985. Although appellant maintains that he did not elect to be sentenced under the guidelines, no such affirmative election was necessary because the crimes occurred after the effective date.
The trial court did not err in sentencing appellant to the statutory mandatory minimum sentences for the conspiracy to traffic and trafficking convictions, despite the fact that the recommended guidelines' sentence was five and one-half to seven years, nor did it err in imposing these sentences consecutively. When multiple offenses are sufficiently separate, occurring at separate times and places, the imposition of consecutive mandatory minimum sentences is appropriate. See Murray v. State, 491 So.2d 1120 (Fla. 1986). Count IV involved the Lola smuggling venture in late 1984 and Count V involved the Eleuthera II smuggling venture in 1985. Consequently, there was no error in the imposition of consecutive fifteen and five-year mandatory minimum sentences. Accordingly, there is no error whatsoever as to the sentences for Count IV and V, subject to resentencing on remand as to Count V for the lesser conviction of trafficking in over 2,000 pounds of cannabis.
In sentencing appellant to two concurrent seven-year terms of imprisonment for Counts I and II to run consecutively to the sentences imposed for Counts IV and V, the trial court upwardly departed from the guidelines. The trial court's departure as to Counts I and II raises two questions. First, although the trial court's second reason for departure, the fact that appellant was the ringleader or mastermind, is a valid reason, Fletcher v. State, 508 So.2d 506, 507 (Fla. 4th DCA 1987), approved, 530 So.2d 296 (Fla. 1988), the trial court's first reason, the professional manner in which the crimes were committed, is invalid. Hernandez v. State, 575 So.2d 640 (Fla. 1991). Although the law presently requires that a departure sentence be affirmed if the trial court furnishes one valid reason for departure even though other invalid reasons also are stated, see section 921.001(5), Florida Statutes (1989), this amendment cannot be applied retroactively to crimes occurring prior to its effective date of July 1, 1987. State v. McGriff, 537 So.2d 107 (Fla. 1989). Consequently, unless we believe, beyond a reasonable doubt, that appellant would have received the same sentence, absent the invalid reasons, appellant's sentence must be vacated and remanded to the trial court for reconsideration. Id. at 108; Albritton v. State, 476 So.2d 158 (Fla. 1985).
Second, not completely distinct from the first, is that, unlike other cases, these two convictions were just part of a bigger picture which the trial court had before it, another part of which, Count V, the trial court must now readdress. Rather than attempting to speak for the trial court as to Counts I and II, it seems more appropriate to reverse and remand, which we do, for the trial court to resentence as to Counts I and II with the knowledge, because of Fletcher and Hernandez, that one reason for departure was valid and the other invalid.
*368 We reject appellant's contention that the trial court failed to give him proper credit for time served. On remand, the credit shall be given on the revised sentence for Count V.
LETTS, GLICKSTEIN and DELL, JJ., concur.