NORRIS, Judge.
Albert Kelly Jr. was indicted for the second degree murder of William Henry, La. R.S. 14:30.1. He proceeded to a jury trial and was found guilty, by 10-2 vote, of the lesser offense of manslaughter, La.R.S. 14:31. In August 1992 the trial court sentenced Kelly to 17 years at hard labor. Kelly filed a motion to reconsider sentence, which was denied. He now appeals, urging his sentence is excessive and requesting review for errors patent. For the reasons expressed, we reverse and vacate the sentence and remand the case for resentenc-ing.
The incident occurred on July 27, 1991, when the victim, William Henry, drove his mother’s Oldsmobile station wagon from their apartment near Blanchard to the Martin Luther King area of north Shreveport. Accompanied by his friend Arthur Stone, the pair went to the neighborhood to buy crack cocaine. At the intersection of Hannah and Jones-Mabry Streets they spotted John “Black” Marshall, from whom they had bought drugs before. While Henry was negotiating with Marshall, someone else came up to the car and pointed a gun through the open window in Henry’s face; he told Henry to pay or leave. Henry tried to push the gun away, and hit the accelerator. Almost immediately, the man with the gun took three shots at the car. One of these hit Henry in the side of the chest.
Henry managed to drive away, but shortly Stone had to take the wheel. A car pursued them for some distance, and its occupants fired more shots at the Oldsmobile. Stone drove to Henry’s mother’s apartment and called 911. Henry died as a result of his injuries.
Stone was able to give a description of “Black” Marshall to Officer Wilbert, who recognized Marshall and brought him in for questioning. Marshall gave a statement implicating the defendant, Albert “Moe” Kelly, as the assailant. Sergeant Ashley arrested Kelly and brought him in for questioning. Kelly waived his Miranda rights and gave a statement in which he accused Henry of trying to take Marshall’s money. Kelly admitted shooting “maybe three or four times but I wasn’t trying to hit anybody. I was trying to just maybe blow out a tire so they’ll stop.” He also denied that he pursued the station wagon or fired the later shots.
As noted, the jury returned the responsive verdict of guilty of manslaughter. Judge Hamilton sentenced him to 17 years at hard labor on August 21, 1992. Kelly filed a timely motion to reconsider sentence, which Judge Hamilton denied. Kelly now appeals his sentence.
Since January 31, 1992, felony sentencing in Louisiana has been regulated by the Felony Sentencing Guidelines of the Louisiana Sentencing Commission. La. C.Cr.P. art. 894.1 A. These new Guidelines, which recommend sentences by placement in a Sentencing Guidelines Grid, are different from the old sentencing factors which used to govern. See La.C.Cr.P. art. 894.1, prior to amendment by La.Acts 1991, No. 22.
Under the new law, the court shall consider the Guidelines in determining the appropriate sentence to be imposed, and shall state for the record the considerations taken into account. La.C.Cr.P. art. 894.1 A, C. In the recent case of State v. Brown, 616 So.2d 792 (La.App.2d Cir.1993), this court discussed the mandates of art. 894.1. In order to show proper consideration, the record must reflect that the judge:
(1) has carefully examined the sentencing guidelines, not merely the guidelines grid;
(2) has determined the designated sentence range by determining the appropri *35 ate guidelines grid cell for the “typical case”;
(3) has determined whether there are specific aggravating and/or mitigating circumstances present in the case to a significant degree; and
(4) if such aggravating and/or mitigating circumstances are present, the judge has consulted the departure procedures under § 209 and has contemplated imposing a sentence that is “proportional to the seriousness of the offense and the offender’s criminal history.”
Id., at 794.
In the instant case the trial court did not mention the appropriate grid cell or the applicable guidelines. In fact, the record shows unmistakably that the trial court made no effort to consider the Felony Sentencing Guidelines, but merely recited the factors of the former art. 894.1. For these reasons, we find the trial court failed to adequately consider the Guidelines in imposing this sentence. We have no alternative but to reverse and vacate the sentence, and remand the case for further proceedings in accord with C.Cr.P. art. 894.1 and the Felony Sentencing Guidelines. State v. Tracey, 612 So.2d 984 (La.App.2d Cir.1993).
The State properly argues that the Guidelines are advisory in nature; both the legislature and the Sentencing Commission have stated that no sentence shall be declared unlawful, inadequate or excessive solely due to the failure of the court to impose a sentence in conformity with the Sentencing Guidelines. La.C.Cr.P. art. 894.1 A; La.R.S. 15:328; La.S.G. § 103 J; House Concurrent Res. No. 269, 1993 Reg. Sess. The court may depart from the grid range when sufficient aggravating or mitigating circumstances are present significantly to differentiate the case from the “typical ease” arising under the offense of conviction. La.S.G. § 209 A(3).
Here the trial court made no effort to consider the Guidelines or to explain why it deviated from their recommendations. We will not evaluate this sentence for exces-siveness, but must reverse and vacate it, and remand the case for resentencing with consideration of the Guidelines.
We have also reviewed the record for error patent. La.C.Cr.P. art. 920(2). In passing sentence, the trial court did not give Kelly credit for time served, as required by La.C.Cr.P. art. 880. Failure to do this is error patent. State v. Allen, 571 So.2d 758 (La.App.2d Cir.1990). On resen-tencing, the court shall give Kelly the appropriate credit.
For the reasons expressed, Albert Kelly Jr.’s sentence in reversed and vacated, and the ease remanded for resentencing.
SENTENCE REVERSED AND VACATED; CASE REMANDED FOR RESEN-TENCING.
BROWN, J., dissents with reasons.