PATTERSON, Judge.
Charles DeLisi appeals from multiple drug trafficking, conspiracy, and RICO act convictions and sentences. We find merit only in his contention that the trial court erred in departing from the sentencing guidelines. We affirm Charles’ convictions, but reverse his sentences and remand for resentencing.
Charles DeLisi was involved in a large-scale marijuana trafficking operation with his brothers, Richard and Theodore J. (Teddy), and several other individuals. These operations resulted in numerous trials in Hardee and Polk Counties. Many of the defendants cooperated with the state in return for plea bargains. The defendants received sentences ranging from probation to sixty-five years in prison. Charles received a sixty-five-year aggregate sentence which he now appeals.
At the sentencing hearing, several members of the DeLisi organization testified that Richard and Teddy were the “Mr. Bigs” of the organization and that Charles was basically a “worker” engaged in off-loading. The trial court concluded, “There’s absolutely no question that Teddy DeLisi was at the top of the heap. There’s no question but that Richard came somewhere below Teddy. But in my estimate, Chuck is third.” The trial court then imposed a departure sentence as to Charles, citing on the record and in a contemporaneous written order that his reason for departure was “that Charles J. DeLi-si was a supervising partner in the ventures.” He gave no other reason for departure. Both Teddy and Richard had received sentences within the guidelines on a prior date.
In deciding to depart from the guidelines, the trial court apparently relied on Fletcher v. State, 508 So.2d 506 (Fla. 4th DCA 1987), in which the court held that the defendant’s role as the “Mr. Big,” or ringleader, of the trafficking organization was a valid reason for an upward departure. See also Kraft v. State, 583 So.2d 365 (Fla. 4th DCA 1991). We first conclude that being a “supervising partner” in a drug operation is not the same *118 as being the ringleader and is not in itself a valid reason for an upward departure. As the Fletcher court observed, all major drug operations inherently involve premeditation, planning, and by implication, supervision, which are not valid reasons for departure. Fletcher, 508 So.2d at 507. If we were to conclude that .the term “supervising partner” is the equivalent of “Mr. Big” or the “ringleader,” the trial court has already bestowed that distinction on Teddy DeLisi. Additionally, the record does not support the conclusion that Charles was a “ringleader” or “Mr. Big.”
Reversed and remanded for resentencing within the guidelines.
FRANK, C.J., and CAMPBELL, J., concur.