631 So.2d 98 (1994)
STATE of Louisiana, Appellee,
v.
Elijio ADAMES, Jr., Appellant.
No. 25766-KA.
Court of Appeal of Louisiana, Second Circuit.
January 20, 1994.
Lavalle B. Salomon, Monroe, for appellant.
*99 Richard P. Ieyoub, Atty. Gen., Jerry L. Jones, Dist. Atty., Marcus R. Clark, Asst. Dist. Atty., counsel for appellee.
Before LINDSAY, BROWN and STEWART, JJ.
STEWART, Judge.
Elijio Adames, Jr. pled guilty to one count of conspiracy to distribute marijuana, in violation of LSA-R.S. 40:979 and 40:966. The trial court sentenced him to six years at hard labor, a fine of $1,500 plus costs or six months in jail. Adames asserts the trial judge failed to consider the Felony Sentencing Guidelines (S.G.) and imposed an excessive sentence.

FACTS
A Louisiana State Police officer stopped Michael Lee Phillips for a traffic violation on July 18, 1992. After receiving permission from Phillips, the officer searched his car and discovered twenty pounds of marijuana. Phillips told police that Adames promised to pay him $2,000 for transporting the marijuana from Dallas to North Carolina.
Phillips called Adames in an attempt to get Adames to come to Ouachita Parish, Louisiana from Dallas, Texas. Phillips told Adames he had car trouble and could not continue the trip. It was decided that Phillips would check into a local motel and Adames would send a rental vehicle. Later that evening, Raymond Saldivar came to Phillips' motel room. He had brought the rental vehicle. Adames talked to Phillips by phone while Saldivar was in Phillips' motel room.
On July 20, 1992, Adames arrived in the parking lot of the motel. He was arrested in Ouachita Parish by Louisiana State Police and was charged with possession of marijuana with intent to distribute, and conspiracy to distribute marijuana. Adames pled guilty to conspiracy to distribute marijuana, and subsequently was sentenced to serve six years at hard labor. He was also ordered to pay a fine of $1,500 plus court costs, with a default of six months in jail or 350 hours of community service. Pursuant to the plea agreement, the charge of possession of marijuana with intent to distribute was to be dismissed upon sentencing.
On appeal, Adames complains that the trial court failed to comply with the suggested sentencing range and that it imposed an excessive sentence without stating adequate reasons for its upward departure from the range designated by the S.G. Although the sentence exceeds the designated range from the S.G. we find that the trial court complied with the S.G. and imposed a sentence which we do not find to be excessive.

DISCUSSION
Adames contends that the sentence is excessive and disproportionate and that the trial court erred in failing to comply with the suggested sentencing range as set forth in the S.G.
Since January 1, 1992, felony sentencing in Louisiana has been regulated by the new sentencing guidelines of the Louisiana Sentencing Commission. LSA-C.Cr.P. Art. 894.1A; La.S.G. § 201A. The new guidelines, which recommend a sentence by placement in a sentencing guidelines grid, are different from the old sentencing factors which used to govern. State v. Kelly, 621 So.2d 33 (La.App. 2d Cir.1993). The list of aggravating and mitigating factors formerly included in Louisiana Code of Criminal Procedure art. 894.1 was replaced by a directive to the trial court to look to the guidelines. State v. Smith, 629 So.2d 333 (La.1993)
The purpose of the guidelines is to recommend a uniform sanctioning system. La.S.G. § 101A. The guidelines are advisory to the sentencing judge. No sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the judge to impose a sentence in conformity with the sentencing guidelines. La.S.G. § 103J; LSA-C.Cr.P. art. 894.1A; LSA-R.S. 15:328B; State v. Perow, 607 So.2d 888, 890 (La.App. 2d Cir.1992).
The designated sentence range in the sentencing guidelines grid is the basis for the sentence for any offender convicted of a felony. La.S.G. § 201A. The guidelines anticipate, and specifically provide for, departure *100 from the designated sentence range in La. S.G. § 209A, as follows:
4. When departing from the designated sentence range, the court shall:
a. Pronounce a sentence which is proportional to the seriousness of the offense and the offender's criminal history; and
b. State for the record the reasons for the departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor.
5. Reasons for departure from the designated sentence range are appropriate only when such reasons are based on mitigating or aggravating circumstances.
Sentences greater or lesser than a penalty within the designated sentence range should be determined through this procedure for departure. La.S.G. § 201C.
Upward departures from the designated sentence range of the guidelines grid should be made when one or more aggravating circumstances, listed in La.S.G. § 209B, significantly differentiates the particular case from the "typical case." State v. Gibson, 628 So.2d 156 (La.App. 2d Cir.1993); La.S.G. § 209A(3); State v. Brown, 616 So.2d 792 (La.App. 2d Cir.1993). Aggravating and mitigating factors are detailed in subsections B and C of the § 209 departure procedure. Both lists contain an omnibus factor which provides the trial court with even greater discretion to deviate from the guidelines when an atypical case arises for which the aggravating or mitigating considerations do not fall into one of the listed factors. Smith, supra.
In order for an aggravating factor to serve as a basis for an upward departure, the sentencing court must find that it is present to a degree which significantly enhances the severity of the offense. La.S.G. § 209B. Factors which constitute essential elements of the offense of conviction shall not be considered aggravating circumstances. Id.
In Smith, supra, The Louisiana Supreme Court recently addressed the mandatory and advisory nature of the guidelines as follows
[T]he Guidelines are mandatory, but only in the sense that the trial court must consider them and, if gross deviation is called for, must "[s]tate for the record the reasons for departure which shall specify the mitigating or aggravating circumstances, and the factual basis therefor." La.Admin.Code tit. 22 § 209(4)(b) (West 1993) (emphasis provided). The Guidelines are also advisory, but only in the sense that a judge is not compelled to follow them if a sentence outside the Guidelines is supported by aggravating or mitigating circumstances in the record.
Thus, although the sentencing court must consult the guidelines, it is at liberty to impose a more severe sentence, as long as it states on the record the statutory aggravating circumstances which support deviation from the designated sentence range.
In State v. Brown, supra, this court set forth several factors which indicate that a trial court has considered the sentencing guidelines in compliance with LSA-C.Cr.P. art. 894.1, as amended in 1991. When there is an upward departure from the designated range of sentence, the record must reflect that the sentencing court has considered the grid and its recommended range of sentence but has determined that (1) there are specific aggravating circumstances present in the case to a significant degree and (2) the judge has consulted the departure procedures under § 209 of the sentencing guidelines and has contemplated imposing a sentence that is "proportional to the seriousness of the offense and the offender's criminal history." See Brown, supra at 794.
As stated in Smith, supra,
[t]he combination of "advisory" sentencing ranges and "mandatory" consideration, coupled with factual articulation when the sentence falls outside of the recommended range, is in keeping with the general purpose of the Guidelines.
Adames challenges the reasons articulated by the trial court and asserts that "the trial court seemed to give only scant attention to the mitigating factors applicable and that the trial court placed undue emphasis on those factors it considered aggravating."
*101 Adames asserts that he is a 38-yearold-first offender with a family, work history, and education which includes some college and vocational-technical training. These are not among the mitigating factors found in La.S.G. § 209C. Similarly, at sentencing the trial court referred to factors which were enumerated in former art. 894.1. Thus, both Adames and the trial court refer to aggravating and mitigating factors contained in former art. 894.1. The pre-amendment art. 894.1 aggravating and mitigating factors are not the aggravating or mitigating circumstances which are considered under the guidelines. See and compare pre-amendment art. 894.1 with La.S.G. § 209B and § 209C.
Nevertheless, for the following reasons, we find no error in the trial court's upward departure from the designated sentence range.
As noted in Adames' brief, it is apparent that the trial court's upward departure is based on the "omnibus" factor, § 209B(19) of the sentencing guidelines which provides in pertinent part that:
The following factors constitute aggravating circumstances:
19. Any other relevant aggravating circumstances which distinguish the case from the typical case of the offense of conviction.
In its per curiam, the trial court stated:
The court departed from the statutory guideline grid because it did not consider the defendant's planning and putting into effect this offense of conspiracy to distribute marijuana through the cross-country transportation of some twenty (20) pounds of the substance, using an intermediary who the defendant was to pay $2,000.00, a "typical" conspiracy case.
The record contains the sentencing guideline report which recommends a sentence of fifteen to thirty months of incarceration. The trial court said at the sentencing that "the law gives me a sentencing guideline work sheet and I'm allowed to deviate from this sentencing outline or guide sheet ... guideline report if I state the reasons. And I want you to know in this case I am going to deviate from the sentencing guideline report." The trial court noted that (1) according to reports, Phillips had made two prior trips for Adames in which Phillips brought marijuana into North Carolina from Texas, and (2) this transaction, or series of transactions, was handled in a businesslike manner. The trial court concluded the sentencing with the following statement:
Now, the Court does vary from the sentencing guidelines, for the reasons set forth above and the information that's been furnished to the Court, as I have stated, is that you were responsible for movement of substantial amounts of marijuana from Texas to North Carolina. As far as the sentence of the Court, Mr. Adames; the Court has carefully reviewed the sentence guidelines which are set forth in our law and the Court has determined that a probated sentence is not justified under the circumstances of your case. It's the sentence of the Court that you serve six (6) years at hard labor and pay a fine of $1,500.00 plus costs....
It is clear, particularly in the per curiam reasons, that the trial court's seminal reason for departing from the guidelines was that it viewed as atypical the actions of the coconspirators in this case. Thus, though the trial court stated a number of other considerations which mirror the pre-amendment 894.1 factors, it's articulated reasons fall within the § 209B(19) omnibus factor. This determination of what is atypical is a factual determination which is wholly dependent on the facts of each case.
The trial court placed emphasis on the fact that this was not only an agreement between Adames and his co-conspirators to distribute marijuana in the community, but that it had the added feature of being an interstate transaction, as well as the added feature of Adames being the leader or organizer among the three people involved in this conspiracy. The record contains facts which support the trial court's comments.
In essence, the trial court's per curiam indicates that this interstate transaction was sufficiently atypical from the garden variety conspiracy case that it warranted an upward departure. Neither the interstate nature of *102 this transaction nor Adames' role, as "business" ringleader, is an element of conspiracy. Thus, these two factors are not barred from consideration, by § 209B, as § 209B(19) aggravating factors.
In Smith, supra, The Louisiana Supreme Court recognized that, under § 209B(19), the trial court retains a significant amount of discretion in terms of sentencing a defendant. Thus, on the record before us, we find no error in the trial court determination that the actions of Adames in this particular crime were significantly atypical enough to warrant an upward departure from the sentencing range recommended by the guidelines. Without embracing this method of stating the basis for departure from the guidelines, we find that the trial court's statements both at sentencing and in its per curiam, combined with the contents of this record, are sufficient to constitute adequate articulation of the aggravating circumstances, as required by § 209B.
We now turn to Adames' contention that his sentence is excessive. The offense of conspiracy to distribute marijuana, requires proof that Adames conspired to distribute or dispense marijuana. LSA-R.S. 40:964C(22), 40:979, and 40:966.
The record reveals that Adames was to pay Phillips $2,000 for his role in transporting twenty pounds of marijuana from Texas to North Carolina. After Phillips talked with Adames about his feigned transportation problems, Saldivar brought Phillips a rental car. Adames then came to the Ouachita Parish area to facilitate completion of the transport agreement. The trial court noted reports which indicate that this was not a single transaction: Phillips indicated there were previous times that Adames had hired and paid him for similar interstate transportation.
The trial court noted that Adames' plea agreement was very favorable to him in that the possession of marijuana with intent to distribute charge was to be dropped. Adames initially faced a maximum exposure of forty-five years imprisonment. As a result of the plea agreement, his maximum exposure was reduced to fifteen years and a $25,000 fine. Adames was actually sentenced to six years at hard labor plus fine and costs.
On this record, Adames' six-year sentence and fine do not shock the conscience of this court, particularly given Adames' key role in the conspiracy. We find no abuse of the trial court's discretion. Accordingly, we find that Adames' sentence is not excessive.
We note that one of Adames' assignments of error is that the trial court erred in "basing or articulating as a consideration for upward departure the perceived problem of societal drug use." This assignment was neither briefed nor argued and is therefore deemed abandoned. State v. Schwartz, 354 So.2d 1332 (La.1978); URCA Rule 2-12.4; State v. Kotwitz, 549 So.2d 351 (La.App. 2d Cir.1989), writ denied, 558 So.2d 1123 (La. 1990).

ERRORS PATENT
Adames was not advised of the prescriptive period for appeal or post-conviction relief (PCR), in accordance with LSA-C.Cr.P. art. 930.8. This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. LSA-C.Cr.P. art. 921. The district court is directed to give Adames written notice of the prescriptive period of applying for PCR within 15 days of the rendition of this opinion and to file defendant's receipt of such notice in the record of the proceedings. State v. Scott, 600 So.2d 756 (La.App. 2d Cir.1992).
Adames also was not given credit for time served although the pre-sentence investigation reveals he is entitled to such credit. We therefore amend the sentence to give him credit for the time he spent in actual custody prior to imposition of sentence in compliance with LSA-C.Cr.P. art. 880.

CONCLUSION
Adames complains the trial court did not follow the sentencing guidelines which regulate felony sentencing in Louisiana. For the foregoing reasons, we find that the trial court complied with the sentencing guidelines, which provide for departures from their designated range of sentence. Furthermore, we *103 find no merit to Adames' assertion that his sentence is excessive. Adames' sentence is affirmed.
AFFIRMED.
LINDSAY, J., dissents and assigns reasons.
LINDSAY, Judge, dissenting.
I respectfully dissent. The record is clear that the trial court failed to properly consider the Felony Sentencing Guidelines as required by State v. Smith, 629 So.2d 333 (La.1993) and this court's decision in State v. Brown, 616 So.2d 792 (La.App. 2d Cir.1993). The record reflects that the trial court did not give proper consideration to the Felony Sentencing Guidelines, but rather, recited factors contained in the former LSA-C.Cr.P. Art. 894.1. Where the record shows that the trial court, at the time of sentence, failed to properly consider the Sentencing Guidelines and articulate its reasons for sentence in the context of the Guidelines, this court must reverse and vacate the sentence and remand for further proceedings. State v. Kelly, 621 So.2d 33 (La.App. 2d Cir.1993); State v. Tracey, 612 So.2d 984 (La.App. 2d Cir.1993). Accordingly, the sentence imposed in this case should be vacated and the case remanded for further proceedings.