(87 P.3d 337)

No. 89,511

STATE OF KANSAS, *Appellee,* v. EDWARD B. MARTIN, *Appellant.*

Opinion filed April 2, 2004.

*Stephen B. Chapman,* of Chapman & White, LLC of Olathe, for appellant.

*Steven J. Obermeier,* assistant district attorney, *Paul J. Morrisson,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before JOHNSON, P.J., MARQUARDT and GREENE, JJ.

MARQUARDT, J.: Following a jury trial, Edward B. Martin was convicted of one count of conspiracy to commit identity theft and four counts of identity theft. On appeal, Martin challenges his sen-

tence. We vacate Martin's sentence and remand the case to the trial court with directions.

Prior to trial, the State filed a motion for an upward dispositional departure sentence. The State notified the trial court that should Martin be convicted of the crimes, it wanted the jury to make a special finding as to whether Martin was the "boss, 'kingpin,' organizer, [or] supervisor" of the identity theft ring.

At trial, the State presented evidence that Martin orchestrated a large, interstate identity theft ring, which began in California and then moved to Kansas.

The State's evidence was that several individuals' identification information had been obtained by Martin who used the information to supply his accomplices with fake I.D.s. The accomplices would use the I.D.s to write checks for merchandise at retail stores. They would return the merchandise to the stores and receive cash which they would then give to Martin. The accomplices also used the fake I.D.s to obtain credit at various retail stores. Martin directed the accomplices' purchases and most of the merchandise was given to Martin.

Martin was convicted as charged. Pursuant to the State's request, the jury completed a special interrogatory verdict form which indicated that it found beyond a reasonable doubt that Martin was the organizing force who directed the criminal activities of three named accomplices.

At sentencing, the trial court departed from Martin's presumptive probation sentence and imposed a prison sentence. The trial court concluded that Martin's role as the ringleader was a substantial and compelling reason to depart and sentenced Martin to a controlling prison term of 34 months. Martin appeals his sentence.

Martin contends that the trial court erred when it granted the State's motion for an upward dispositional departure. Martin asserts that the trial court's departure findings are not supported by the evidence and the factors relied upon do not constitute a substantial and compelling reason to depart.

An appellate court reviews a claim that there is insufficient evidence supporting the departure sentence factors under a substantial competent evidence standard. See *State v. Gideon*, 257 Kan.

591, 622-23, 894 P.2d 850 (1995). A claim that the departure factors relied upon by the sentencing court do not constitute substantial and compelling reasons for departure is a question of law for which an appellate court's review is unlimited. *State v. Jackson,* 262 Kan. 119, 134, 936 P.2d 761 (1997).

Martin challenges the trial court's finding that but for Martin's participation and involvement in the conspiracy, the conspiracy would not have taken place. Martin contends that the evidence demonstrated other members of the conspiracy were just as integral to the conspiracy.

Here, Martin challenges the trial court's specific finding but ignores its general finding that Martin was the ringleader, *i.e.* the "originating, motivating, and supervising force behind this conspiracy." The trial court made it clear that it found Martin to be the ringleader or kingpin of the conspiracy and it was using Martin's role as the ringleader to depart. The record on appeal contains substantial competent evidence supporting a finding that Martin acted as the ringleader or kingpin of the conspiracy.

When analyzing whether a trial court's findings constitute substantial and compelling reasons to depart, two questions must be answered. First, is a particular reason given by the sentencing court a valid departure factor? Second, are the reasons, as a whole, substantial and compelling reasons for departure in a given case? *State v. Grady,* 258 Kan. 72, 83, 900 P.2d 227 (1995).

K.S.A. 2003 Supp. 21-4716(c)(2) enumerates a nonexclusive list of aggravating factors which may provide substantial and compelling reasons for departure. The departure factor used in this case is not included in the nonexclusive list from K.S.A. 2003 Supp. 21-4716(c)(2). The Kansas Supreme Court has held that in cases where the trial court does not rely upon any statutory aggravating or mitigating factors to depart, the trial court's decision should be viewed with stricter scrutiny. See *State v. Murphy,* 270 Kan. 804, 807, 19 P.3d 80 (2001).

The State cites two out-of-state cases to support Martin's sentencing departure because he was the ringleader of the identity theft conspiracy. See *State v. Adames,* 631 So. 2d 98 (La. App. 1994); *Fletcher v. State,* 508 So. 2d 506 (Fla. Dist. App. 1987). In

*Adames*, the defendant pled guilty to one count of conspiracy to distribute marijuana. On appeal, the defendant challenged the trial court's upward departure. The Louisiana Court of Appeals concluded that the defendant's role as the ringleader was not an element of the conspiracy and could be considered a proper aggravating factor for an upward departure. 631 So. 2d at 101-02.

In *Fletcher*, the defendant was convicted of trafficking in cannabis and conspiracy to traffic in cannabis. The trial court upwardly departed from the defendant's sentence under the guidelines, based in part on the defendant's role as "Mr. Big" (the ringleader). The District Court of Appeal of Florida analyzed whether the defendant's role as "Mr. Big" represented a valid ground for departure. The appellate court held:

"[T]he guidelines do not explicitly prohibit departure so far as the ringleader in a drug trafficking case is concerned. Nor is his status as the leader of this criminal enterprise an inherent component of it. As a consequence, we conclude that being 'Mr. Big' constitutes a valid ground for upward departure. This result also comports with our version of common sense. The mastermind of a complicated drug deal is surely deserving of a stiffer sentence than the lackey who plays no part other than to carry the contraband." 508 So. 2d at 507.

There does not appear to be a Kansas case on whether a defendant's role as the ringleader is a valid departure factor.

The rationale for punishing the ringleader more severely is based on the ringleader's extensive participation in the criminal enterprise as well as the ringleader's control over the enterprise. Although K.S.A. 2003 Supp. 21-4716(c)(2) does not include an aggravating factor relating to a defendant's role as a ringleader, K.S.A. 2003 Supp. 21-4716(c)(1) provides the following mitigating factor:

"Subject to the provisions of subsection (b)(3) [(c)(3)], the following nonexclusive list of mitigating factors may be considered in determining whether substantial and compelling reasons for a departure exist:

. . . .

(B) The offender played a minor or passive role in the crime . . . ."

Based on K.S.A. 2003 Supp. 21-4716(c)(1), an argument may be made that the opposite should hold true—that a defendant's role as the leader and organizer of a criminal enterprise may dictate a greater punishment.

Here, the trial court stated, "that but for Mr. Martin's talents in organizing, controlling, supervising this criminal conspiracy, that it would have never taken place." On the special verdict form, the jury found "beyond a reasonable doubt that in connection with the offense(s) for which the defendant was convicted that the defendant acted as the organizing force and directed the criminal activities of the accomplices involved in this case. . . ."

Being a mastermind or kingpin in an identity theft ring is an aggravating factor that justifies the imposition of a departure sentence even though it is not included in the nonexclusive list in K.S.A. 2003 Supp. 21-4716(c)(2).

Martin claims that the trial court impermissibly used a statutory element of conspiracy as a departure factor. In particular, Martin believes that the trial court used the overt acts committed in furtherance of the conspiracy as a departure factor. Martin then claims that under K.S.A. 2003 Supp. 21-4716(c)(2), the trial court's departure factor does not constitute a substantial and compelling reason to depart.

According to the jury instructions, the State alleged 14 overt acts which were committed in furtherance of the conspiracy. Martin maintains that for the State to prove a portion of the overt acts, it was required to prove that Martin was the ringleader. Therefore, Martin claims that his role as the ringleader became a statutory element of the conspiracy and could not be used as a departure factor.

Martin's argument, while creative, is not persuasive. The State was not required to prove that Martin was the ringleader of the criminal enterprise in order to prove the conspiracy. While some of the aspects of the overt acts would have supported a finding that Martin was the ringleader, Martin's role as the ringleader was not a statutory element of the conspiracy. Martin's arguments on this issue are without merit.

### Consideration of Labette

Last, Martin maintains that the record in this case does not indicate whether the trial court considered placing him at the Labette Correctional Conservation Camp (Labette) prior to imposing

the dispositional departure. As such, Martin argues that his sentence should be vacated and his case should be remanded for resentencing with instructions for the trial court to consider placement at Labette.

K.S.A. 2003 Supp. 21-4603d(g) provides in pertinent part: "Prior to imposing a dispositional departure for a defendant whose offense is classified in the presumptive nonprison grid block of either sentencing guideline grid . . . the court shall consider placement of the defendant in the Labette correctional conservation camp . . . ." In *State v. Schick*, 25 Kan. App. 2d 702, 704, 971 P.2d 346 (1998), *rev. denied* 266 Kan. 1114 (1999), our court stated that K.S.A. 2003 Supp. 21-4603d(g) is very clear concerning the trial court's duty to consider Labette in appropriate situations and to note its consideration on the record.

The State concedes that the trial court did not state on the record whether it had considered placing Martin at Labette prior to imposing the dispositional departure. However, the State contends that Martin's failure to object to the lack of findings concerning Labette precludes appellate review of this issue. The State also believes that the trial court's failure to mention Labette constitutes harmless error because the Secretary of the Kansas Department of Corrections is authorized to directly place an inmate at Labette.

Kansas courts have held that strict compliance with K.S.A. 2003 Supp. 21-4603d(g) is mandated. *Schick*, 25 Kan. App. 2d at 704. Martin's sentence should be vacated, and this case should be remanded to the trial court for resentencing with instructions to consider Labette.

Sentence vacated, and case remanded with directions.

JOHNSON, J., dissenting: I agree that we are to strictly scrutinize this dispositional departure sentence because it is based upon an alleged aggravating factor divined by the State rather than enumerated by the legislature. I respectfully disagree that being the general of an army of thieves is a valid departure factor.

Apparently, the premise underlying the State's argument is that codefendants should receive disparate punishment for committing the same crime based upon their respective role in the criminal

enterprise. The State contends that the defendant who conceives, plans, and directs a criminal activity is more culpable than the persons who execute the plan and actually commit the crime. This argument suggests that an aider and abettor should be more harshly punished than the principal actor.

As the majority notes, the legislature specifically provided a means for the sentencing court to mete out different sentences to codefendants based upon relative culpability. Under K.S.A. 2003 Supp. 21-4716(c)(1), the district court is permitted to downwardly depart based upon the mitigating factor that the offender had a minor or passive role in the crime. Unlike the majority, I do not read the specific inclusion of the mitigating factor as supporting an argument that we should further widen the disparity in sentencing between codefendants committing the same crime by also permitting an upward departure for the "leader and organizer" of the criminal enterprise. To the contrary, the fact that the legislature considered the concept of relative culpability and chose to include that reason in the mitigating factors, but not in the aggravating factors, cuts against the proposed creation of a "ringleader" upward departure. *Cf. State v. Favela,* 259 Kan. 215, 234-35, 911 P.2d 792 (1996) (the doctrine of *expressio unius est exclusio alterius* applied to conclude the legislature must not have intended for the defendant's young age to be a mitigating factor when the victim's young age is an enumerated aggravating factor).

Obviously, Martin's enlistment of foot soldiers to effect his criminal scheme has subjected him to prosecution, as an aider and abettor, for each and every criminal act committed by his "gang." However, with respect to each charge, I do not believe that Martin's role as the leader, rather than the actor, constitutes a valid departure factor. The legislature is charged with the responsibility and invested with the sole authority to establish the punishment for acts it defines as criminal. A policy decision to impose harsher punishment upon the "brains" or "leader" of a group of criminals, based solely upon the leader's administrative role in the particular crime, should emanate from the legislature, not the judiciary. I would reverse and remand for imposition of the presumptive sentences.