948 So.2d 883 (2007)
Luis DELGADO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-702.
District Court of Appeal of Florida, Third District.
February 7, 2007.
Bennett H. Brummer, Public Defender, and Thomas Regnier, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Jill K. Traina, Assistant Attorney General, for appellee.
Before RAMIREZ, and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
*884 RAMIREZ, J.
Luis Delgado appeals the denial of his motion under Florida Rule of Criminal Procedure 3.800(a), alleging that the State incorrectly calculated his scoresheet points resulting in a sentence greater than allowed by law. We agree and reverse for resentencing.
Delgado was convicted of twelve felony counts arising out of a single home invasion robbery, involving multiple victims. Delgado was sentenced to life in prison on February 21, 1989. His scoresheet totaled 518 points and notes one departure reason, the "sophisticated, organized, planned" manner in which the crimes were carried out. This total placed Delgado in the "life" range on the scoresheet. If he had scored between 471 and 506 points, he would have been in the 27 to 40 year range.
Florida Rule of Criminal Procedure 3.800(a) allows that a court "may at any time correct an illegal sentence imposed by it, or an incorrect calculation made by it in a sentencing scoresheet . . . when it is affirmatively alleged that the court records demonstrate on their face an entitlement to that relief. . . ." In his 3.800(a) motion, Delgado has raised purely legal issues regarding his sentencing, which may be resolved by consulting court records and which, taken together, show that the terms of his sentence are impermissible as a matter of law. See Carter v. State, 786 So.2d 1173, 1180 (Fla.2001)(concluding that because the error in sentencing Carter as a habitual offender for a life felony was apparent on the face of the record, Carter was entitled to relief pursuant to rule 3.800(a)).
The State concedes that it improperly scored Delgado a net of 7 additional points by miscounting the number of first and second degree felonies. But Delgado also argues that the trial court improperly allowed 8 victim injury points for alleged victim Jose Luis Goyriena, although the charging document never accused Delgado of any crime against the person of Mr. Goyriena. Erroneous assessment of victim injury points is cognizable in a 3.800(a) motion and can be raised at any time as long as the error is discernible from the face of the record. See Chapman v. State, 885 So.2d 475, 476, 477 (Fla. 5th DCA 2004); Daum v. State, 544 So.2d 1035, 1036 (Fla. 2d DCA 1989). Here, the information alleged no physical contact or injury against Jose Luis Goyriena, as it alleged no crime against his person, and therefore it was improper for the court to assess the 8 victim injury points for Mr. Goyriena. The trial court's denial of Delgado's 3.800 motion did not attach any portions of the record that would conclusively refute Delgado's claims, so the trial court should have either granted the motion or attached the relevant portions of the record. Deducting these 8 points, plus the 7 points from the scoresheet miscalculation, places Delgado in a lower sentencing range.
In addition, the departure reason given by the trial judge was invalid under the case law in effect at the time of sentencing. The only departure reason given for Delgado's sentence was that the crime was carried out in a "sophisticated, professional, organized, planned" manner, a departure reason that has been held invalid by Florida courts. See Collins v. State, 535 So.2d 661, 662 (Fla. 3d DCA 1988) (finding "professional manner" not a valid departure reason because it was inherent component of crime); State v. Fletcher, 530 So.2d 296, 297 (Fla.1988). In Fletcher, the Florida Supreme Court stated that an "inherent component" of the crime in question can never be used to justify a guidelines departure. Id. Where a crime inherently involves premeditation and planning, *885 the planned and calculated manner of committing the crime is not a valid departure reason. Id. Thus, the planning necessary to carry out a crime is an inherent component of that crime, even if it is not a statutory element. A home invasion robbery of the type that occurred in this case  where several victims were allegedly held hostage over a period of several hours  could not have occurred without planning and premeditation.
After subtracting the scoring errors and the invalidity of the departure reasons, Delgado scores 503 points and drops into the 27 to 40 year sentencing range. We therefore vacate Delgado's sentence and remand the case for resentencing within the proper range.
Reversed and remanded.