616 So.2d 792 (1993)
STATE of Louisiana, Appellee,
v.
Phillip W. BROWN, Appellant.
No. 24618-KA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1993.
*793 Michael A. Courteau, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Glen R. Petersen, Asst. Atty. Gen., Baton Rouge, for appellee.
Before HIGHTOWER, VICTORY and STEWART, JJ.
VICTORY, Judge.
Phillip Brown, a pharmacist, was charged and pled guilty to 54 counts of medicaid fraud, in violation of LSA-R.S. 14:70.1. On June 30, 1992, he was sentenced to three and one-half years at hard labor and was ordered to pay a fine of $2,500 on each of the 54 counts, both the sentences and fines to be concurrent. A motion for reconsideration under LSA-C.Cr.P. Art. 881.1 was denied and defendant now appeals his sentences. For the reasons given, we vacate and remand for resentencing.
In his motion for reconsideration and on appeal, defendant complains that the trial judge did not sentence him in accordance with the Louisiana Sentencing Guidelines, effective January 1, 1992. LSA-C.Cr.P. Art. 894.1 reads, in pertinent part, as follows:
A. When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission.... [Emphasis added]
C. The court shall state for the record the considerations taken into account, including any aggravating and mitigating circumstances which may be present, and the factual basis therefor in imposing sentence.
Although the sentencing judge stated that he had "noted" the new sentencing guidelines and his sentence may go "outside" of the guidelines, the record fails to reflect that he properly considered the guidelines in pronouncing sentence in this case.
Louisiana Sentencing Guidelines
The purpose of the guidelines is to recommend a uniform sanctioning system. La.S.G. § 101(A). The guidelines are advisory to the sentencing judge. No sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the judge to impose a sentence in conformity with the sentencing guidelines. La.S.G. § 103(J); LSA-C.Cr.P. Art. 894.1(A); LSA-R.S. 15:328(B).
The guidelines grid reflects the designated sentence range to be used in the "typical case." Upward departures from the designated sentence range of the guidelines grid should be made when one or more aggravating circumstances, listed in § 209(B), significantly differentiates the particular case from the "typical case." La.S.G. § 209(A)(3). If the trial court finds one or more aggravating circumstances, the grid range for the "typical case" is inapplicable and the trial court must exercise its reasoned discretion in determining the appropriate sentence. State v. Strother, 606 So.2d 891 (La.App. 2d Cir.1992). If *794 a judge departs from the designated sentence range, the guidelines do not specify the sentence to be imposed, but they require that the sentence be proportional to the seriousness of the offense and the offender's criminal history. La.S.G. § 209(A)(4)(a). In other words, if a departure from the guidelines is justified, the judge is free to pronounce a sentence commensurate to the circumstances of the case without consideration of the proportionality of the sentence to the guidelines grid. State v. Lowery, 609 So.2d 1125 (La.App. 2d Cir.1992). The sentencing court must state for the record the reasons for departure which shall specify the mitigating or aggravating circumstances and the factual basis therefor. La.S.G. § 209(A)(4)(b); State v. Perow, 607 So.2d 888 (La.App. 2d Cir.1992).
Although the Legislature did not mandate that the advisory guidelines be followed, it directed the sentencing judge to "consider" the sentencing guidelines in determining the appropriate sentence to be imposed. LSA-C.Cr.P. Art. 894.1(A). Black's Law Dictionary, 4th Ed., 1951, defines "consider" as "to fix the mind on, with a view to careful examination." Clearly, the Legislature intended for the sentencing judge to read and be familiar with all of the sentencing guidelines and to seriously analyze the case under the guidelines before determining the sentence to be imposed. To show that a sentencing judge has properly considered the guidelines in determining the appropriate sentence to be imposed, the record must reflect that the judge:
(1) has carefully examined the sentencing guidelines, not merely the guidelines grid;
(2) has determined the designated sentence range by determining the appropriate guidelines grid cell for the "typical case";
(3) has determined whether there are specific aggravating and/or mitigating circumstances present in the case to a significant degree;
(4) if such aggravating and/or mitigating circumstances are present, the judge has consulted the departure procedures under § 209 of the sentencing guidelines and has contemplated imposing a sentence that is "proportional to the seriousness of the offense and the offender's criminal history."
The departure procedures under § 209 allows the judge to use his discretion to depart in the non-typical case from the designated sentence range provided in the guidelines grid, and pronounce a sentence that he considers appropriate considering all aspects of the case. Such a departure sentence is in conformity with the sentencing guidelines, though not within the designated range of the guidelines grid for a typical case, and will be upheld unless it is determined to be excessive under the Constitution.
Thus, in almost all cases, a sentence can and should be pronounced that is in conformity with the sentencing guidelines. However, when there are no aggravating or mitigating factors present in the case, and when the sentencing judge feels strongly that a sentence within the designated sentence range of the guidelines grid will not do justice in the case, he may pronounce a sentence that is not in conformity within the guidelines, giving, of course, his reasons for the sentence, including the factual basis therefore. See LSA-C.Cr.P. Art. 894.1(C). As previously noted, no sentence can be declared unlawful, inadequate, or excessive solely due to the failure of the judge to impose a sentence in conformity with the sentencing guidelines.
In this case, the record fails to reflect that the sentencing judge properly considered the guidelines, although he mentioned them. While we cannot say with certainty, it appears the judge merely consulted the guidelines grid, saw that a probated sentence was recommended for a typical case, and failed to consider the remainder of the guidelines. We see no reason why he could not have imposed sentences in this case in conformity with the sentencing guidelines, using the appropriate departure procedures of the guidelines. Certainly, the fact that the defendant has been convicted of 54 counts of medicaid *795 fraud, instead of just one count, is an aggravating factor[1] in this case. Therefore, the trial judge could have departed from the designated sentence range in the guidelines grid and pronounced sentences under § 209 of the guidelines.

CONCLUSION
For the reasons stated, the record fails to reflect the sentencing judge properly considered the sentencing guidelines in imposing defendant's sentences. Therefore, the sentences are vacated and the case is remanded to the trial court for resentencing.
SENTENCES VACATED; REMANDED FOR RESENTENCING.
HIGHTOWER, J., respectfully dissents and would affirm the sentence.
NOTES
[1] All of the other circumstances mentioned by the trial court at the time of sentencing do not appear to be valid aggravating factors under the sentencing guidelines. On the other hand, there may be mitigating circumstances present in this case that should be considered in determining the appropriate sentence(s) to be given. Several of the claimed mitigating factors mentioned in defendant's brief are not supported by the record, and the judge may ultimately determine that some are not valid mitigating circumstances under the guidelines. However, before sentencing, the defendant should be given the opportunity to introduce evidence of such claimed mitigating factors for consideration by the sentencing judge.