VICTORY, Judge.
Defendant, Larry D. Jordan, was convicted by a jury of simple burglary and was thereafter found guilty of being a second felony offender. After the court sentenced him to 19 years at hard labor, he filed a motion for reconsideration of sentence, which was denied. The defendant now appeals his sentence as excessive. We vacate and remand for resentencing.
LOUISIANA SENTENCING GUIDELINES
The Felony Sentencing Guidelines, which became effective on January 1, 1992, are applicable in this case because the defendant was sentenced on November 13, 1992. Acts 1991, No. 22 § 27, effective January 1, 1992; State v. Tracey, 612 So.2d 984, 985 (La.App.2d Cir.1993).
The purpose of the sentencing guidelines is to recommend a uniform sanctioning system. La.S.G. § 101(A). The guidelines are advisory to the sentencing judge. No sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the judge to impose a sentence in conformity with the sentencing guidelines. La.S.G. § 103(J); LSA-C.Cr.P. Art. 894.1(A); LSA-R.S. 15:328(B); State v. Brown, 616 So.2d 792, 793 (La.App.2d Cir.1993).
Even though the guidelines are not mandatory, courts have been directed by the Louisiana legislature to consider them when determining the appropriate sentence to be imposed. LSA-C.Cr.P. Art. 894.1(A); State v. Brown, supra; State v. Tracey, supra. To show that a sentencing judge has properly considered the guidelines in determining the appropriate sentence to be imposed, the record must reflect that the judge:
(1)carefully examined the sentencing guidelines, not merely the guidelines grid;
(2) has determined the designated sentence range by determining the appropriate guidelines grid cell for the “typical case”;
(3) has determined whether there are specific aggravating and/or mitigating circumstances present in the ease to a significant degree; and
(4) if such aggravating and/or mitigating circumstances are present, the judge has consulted the departure procedures under section 209 of the Felony Sentencing Guidelines, and has contemplated imposing a sentence that is “proportional to the seriousness of the offense and the offender’s criminal history.” State v. Brown, supra.
Section 309 of the sentencing guidelines provides for sentencing in an habitual offender setting. Any person who has been convicted of a felony and has been adjudged an habitual offender shall receive an enhanced penalty as provided by LSA-R.S. 15:529.1. The enhanced sentence may exceed the maximum sentence range specified in the appropriate cell in the sentencing grid. In such cases, the guidelines recommend that the court impose the minimum sentence provided by the multiple offender statute unless aggravating circumstances justify imposition of a more severe sentence. La.S.G. § 309(B).
DISCUSSION
Our review of the record shows that the court erred by not properly considering the Felony Sentencing Guidelines. In sentencing the defendant, the court noted that he fell within cell 4r-A of the sentencing grid. However, the trial judge then stated, “... but that is not significant since proof has been furnished by the District Attorney’s Office which places you in the category of a multiple offender, the second offender bill having been proven.” This having been said, the court sentenced the defendant to 19 years at hard labor without further mentioning the guidelines.
Thus, although the trial judge tangentially referred to the guidelines grid, the record fails to reflect that he considered the remainder of the guidelines when sentencing *43 the defendant.[1] In sentencing this defendant as an habitual offender, the judge was required to consider not only the guidelines grid, but section 309(B) relating to multiple offender proceedings, and the departure procedures set forth in section 209. Specifically, if he chose to make an upward departure from the recommended sentence contained in section 309(B), the judge should have placed on the record any aggravating cireum-stance(s) which would justify the upward departure.[2]
CONCLUSION
For the reasons stated, the record fails to reflect that the sentencing judge properly considered the Felony Sentencing Guidelines in imposing the defendant’s habitual offender sentence. State v. Brown, supra. Therefore, we vacate the sentence and remand to the district court for resentencing after properly considering the Felony Sentencing Guidelines.
SENTENCE VACATED; REMANDED FOR RESENTENCING.

. Further, the judge did not state he was disregarding as advisory the remainder of the guidelines. The record fails to reflect that the sentencing judge was even aware of the existence of section 309(B).

. The defendant appears to have a criminal history index score of 9.25, which under section 209(B)(18) would justify an upward departure from the guidelines grid.