BROWN, Judge.
By bill of information, the state charged defendant, Billie Joe Jacobs, with manslaughter, a violation of LSA-R.S. 14:31. Following a guilty plea, defendant received a 15 year sentence. Defendant appeals his sentence as excessive, urging that the trial court improperly considered certain matters as aggravating circumstances. For the following reasons, we affirm.

*62
FACTS/PROCED URAL HISTORY

The information in this record concerning the crime came from defendant. Defendant and the victim, Tony Walker, had been arguing for weeks prior to the shooting. Walker had pistol-whipped defendant’s cousin three or four weeks earlier. On December 26, 1992, defendant and Walker were at Walker’s aunt’s house. In defendant’s words:
Walker “started mouthing off ... I got up to leave and he [Walker] hit me. I told him to come outside and fight.... I went out the back door outside and he met me in the back and pointed a short, one-barrel shotgun at me that he had gotten out of his truck in the front yard. His cousin got him to put it up, and I left and went home and got my shotgun. I went back and met him outside and tried to talk to him away from his truck. I told him to leave me alone and don’t ever say anything to me or put his hands on me. He said he would put his hands on me whenever he wanted to and grabbed the barrel of the shotgun and almost jerked it out of my hands. But, I held onto it and the gun went off and shot him in the stomach. I left because his family people were there and I didn’t want anyone else to get hurt.”
At approximately 9:00 p.m., the Springhill Police Department was notified and an investigation into the shooting was begun. Billy Joe Jacobs later turned himself in to the Springhill Police Department along with the shotgun which he used in the shooting.

DISCUSSION

On March 22, 1993, defendant pled guilty to manslaughter. On May 24, 1993, defendant was sentenced under the Felony Sentencing Guidelines. At the May 24, 1993, sentencing, the trial court said it had reviewed the PSI report and had “used” the sentencing guidelines to determine “a fair and appropriate sentence.” The trial court stated the sentence was based “primarily on the conviction to which [defendant] entered a plea of guilty and to [his] prior criminal history.” The trial court then listed five misdemeanor convictions and concluded, as stated in the PSI, that defendant fell within grid cell 1-G. We, however, find that defendant actually fell within grid cell 1-E.[1]
The trial court then stated it would depart upward from the recommended sentence because of the existence of aggravating circumstances.
Defendant made a timely motion for reconsideration urging that: (1) the sentence imposed was twice what the guidelines recommended; and (2) the aggravating factors stated by the trial court were insufficient to justify imposition of a sentence which exceeds the sentence recommended by the guidelines. At the hearing on the motion to reconsider, the trial court adopted its earlier reasons for sentence and denied the motion without further comment.
At sentencing, the court recounted how defendant had left the altercation, obtained his shotgun from his home and returned to confront the victim. To the trial court, this represented premeditation or at least a period in which defendant could have cooled off and was a significant aggravating circumstance. We agree that this was a valid consideration under La.S.G. § 209B(22) and thus justification for an upward departure from the guidelines. State v. Brown, 616 So.2d 792 (La.App. 2d Cir.1993). The *63 trial court considered the aspects which rendered the case nontypical — cooling off period and defendant’s leaving the scene and subsequent returning with a loaded deadly weapon. Having found a valid aggravating circumstance that justified a departure from the guidelines, we do not reach the argument that other circumstances were improperly considered as aggravating by the trial court. State v. Norrell, 614 So.2d 755 (La.App. 2d Cir.1993).
The trial court’s consideration of an erroneous grid cell is inconsequential. Had the proper cell been considered, the departure would have been proportionally less, i.e. not twice what was recommended.
The maximum sentence is now 40 years instead of 21 years. The court considered defendant’s background and tailored the sentence to fit him and his criminal history. It does not offend our sense of justice and is not constitutionally excessive.

ERROR PATENT REVIEW

No error patent was noted. The trial court granted credit for time served and advised defendant of the prescriptive period for applying for post-conviction relief.

CONCLUSION

The evidence is sufficient to support the conviction. The valid aggravating circumstance considered supports an upward departure. State v. Strother, 606 So.2d 891 (La. App. 2d Cir.1992); State v. Norrell, supra. The sentence does not appear to be so grossly disproportionate to the crime as to violate the constitutional prohibition against excessive sentences and seems to be proportional to the seriousness of the offense and defendant’s criminal history.
AFFIRMED.
NORRIS, J., concurs in the result.

. We note that the grid cell in the G column has a criminal history of "0." Defendant had five misdemeanors, which would have to move him to the left on the grid:
Date Offense Points x Crime-Free Factor = Total
2/15/80 Battery .25 .50 .125
4/13/80 Dsch. Gun .25 .50 .125
9/17/82 Trespass .25 .50 .125
9/27/87 Drunk/Public .25 .75 .1875
1/22/89 Drunk/Public .25 1.00 .25
This yields a total of .8125 criminal history points, which puts defendant into grid cell 1-F which recommends 102-72 months. According to the Sentencing Commission's May 1992 Update, the crime-free factor was eliminated with the amendments of May 20, 1992. This sentence was imposed after the amendments. Without the crime-free factor, the total misdemeanor points would be 1.0. That would put defendant into grid cell 1-E which recommended a sentence of 126-96 months.