WILLIAMS, Judge.
Defendant, Theotis Jacobs, was charged by bill of information with distribution of marijuana, a violation of LSA-R.S. 40:966(A). After trial by a jury, he was found guilty as charged. He was sentenced to serve eight years at hard labor.
In a motion to reconsider sentence, the defendant argued the sentence imposed exceeded the maximum sentence recommended by the Felony Sentencing Guidelines. He also argued no aggravating circumstances existed in his case to warrant an upward departure from the designated sentencé range. The trial court denied defendant’s motion for reconsideration of sentence. On appeal, defendant urges his previous objections to the sentence imposed. We affirm defendant’s conviction, vacate the sentence and remand the ease for resentencing.
Since January 31, 1992, felony sentencing in Louisiana has been regulated by the Felony Sentencing Guidelines of the Louisiana Sentencing Commission. LSA-C.Cr.P. Art. 894.1(A). These new Guidelines, which rec *455 ommend sentences by placement in a sentencing guidelines grid, are different from the former sentencing factors outlined in the Code of Criminal Procedure. See LSA-C.Cr.P. Art. 894.1, prior to amendment by La.Acts 1991, No. 22, § 1.
Under the new law, the court shall consider the guidelines in determining the appropriate sentence to be imposed and shall state for the record the considerations taken into account in imposing sentence. LSA-C.Cr.P. Art. 894.1(A), (C).
In State v. Brown, 616 So.2d 792 (La. App.2d Cir.1993), this court discussed the mandates of Article 894.1. In order to show proper consideration of the guidelines, the record must reflect that the trial judge:
(1) has carefully examined the sentencing guidelines, not merely the guidelines grid;
(2) has determined the designated sentence range by determining the appropriate guidelines grid cell for the “typical case”;
(3) has determined whether there are specific aggravating and/or mitigating circumstances present in the case to a significant degree; and
(4) if such aggravating and/or mitigating circumstances are present, the judge has consulted the departure procedures under § 209 of the sentencing guidelines and has contemplated imposing a sentence that is “proportional to the seriousness of the offense and the offender’s criminal history.”
616 So.2d at 794.
Upward departures from the designated sentence range of the guidelines grid should be made when one or more aggravating circumstances significantly differentiate the particular case from the “typical.” La. S.G. § 209(A)(3). Section 209(B) lists and defines the aggravating circumstances. If the trial court finds one or more aggravating circumstances, then the grid range for the “typical case” is inapplicable and the trial court must exercise its reasoned discretion in determining the appropriate sentence. State v. Strother, 606 So.2d 891 (La.App.2d Cir. 1992).
If a judge departs from the designated sentence range, the guidelines do not specify the sentence to be imposed, but they require that the sentence be proportional to the seriousness of the offense and the offender’s criminal history. La.S.G. § 209(A)(4)(a). In other words, if a departure from the guidelines is justified, the judge is free to pronounce a sentence commensurate to the circumstances of the case without consideration of the proportionality of the sentence to the guidelines grid. State v. Brown, 616 So.2d 792 (La.App.2d Cir.1993); State v. Lowery, 609 So.2d 1126 (La.App.2d Cir.1992), wrii denied, 617 So.2d 905 (La.1993). The sentencing court must state for the record the reasons for departure and shall specify the mitigating or aggravating circumstances and the factual basis therefor. La.S.G. § 209(A)(4)(b); State v. Brown, supra; State v. Perow, 607 So.2d 888 (La.App.2d Cir.1992). Thus, proper consideration of the guidelines prior to the imposition of sentence is mandated by law. LSA-C.Cr.P. Art. 894.1. See State v. Smith, 629 So.2d 333 (La.1993); State v. Kelly, 621 So.2d 33 (La.App.2d Cir. 1993); State v. Brown, supra.
In the present case, the trial judge did not properly consider the sentencing guidelines. During sentencing, the trial judge stated, “I have received [the] presen-tence investigation. It indicates that you are a 4-F grid cell classification.[1] It would call for a sentence in the eighteen month to thirty-six month range.” Rather than give the appropriate consideration to the Louisiana Sentencing Guidelines, the trial judge merely reviewed the presentence investigation report and stated the appropriate grid cell for this defendant. Additionally, the trial judge alluded to former Article 894.1 when he stated, “[A]ny lesser sentence than the *456 one that I’m about to impose would deprecate the seriousness of this offense.”
A review of the sentencing transcripts indicates the trial court intended to depart from the recommended sentence. Even though the trial judge intends to depart from the guidelines in imposing sentence, nevertheless, the record must reflect he properly-considered the sentencing guidelines. State v. Smith, supra. Further, the trial judge neither stated reasons for the upward departure nor specified any of the aggravating circumstances listed under La.S.G. § 209(A)(4)(b) as a basis for the departure. Because the record fails to reflect the sentencing judge properly considered the sentencing guidelines in imposing sentence, we vacate the defendant’s sentence and remand the case for resentencing.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.

. Based upon our calculations, the appropriate grid cell under the guidelines for this defendant is grid cell 4-E. Under grid cell 4-E, the minimum term of incarceration is twenty-four months and the maximum term of incarceration is thirty-six months.
The penalty provision of LSA-R.S. 40:966(A) sets forth a term of imprisonment at hard labor for not less than five years and not more than thirty years. LSA-R.S. 40:966(B).