BROWN, Judge.
Defendant, Phillip Brown, a pharmacist, owned and operated a drug store in Columbia, Louisiana. On May 12, 1992, he was-charged with and pled guilty to 54 counts of medicaid fraud. LSA-R.S. 14:70.1. The counts alleged medicaid fraud in the amount of $3,270, occurring between November 1989 and June 1991. At the guilty plea, an assistant attorney general stated, as illustrative of defendant’s conduct, that during a 14 month period defendant billed the state for 32,580 tablets of Zantac, an expensive drug costing about $1.10 per tablet, while only having in stock during this same period 120 tablets. Brown admitted billing the state for drugs that he had not dispensed, refilling patient prescriptions without the required physician authorization and fraudulently evading price ceilings set by medicaid.
At the sentencing hearing, the state alleged that medicaid paid defendant $168,-638.83 between 1989 and 1991, of which defendant admitted 30% was fraudulent. At the hearing, defendant denied making the statement and claimed that the percentage was not that high. The trial court rejected the recommendation of the felony sentencing guidelines (FSG) for probation and imposed a 3½ year hard labor term and a fine of $2,500 on each of the 54 counts; however, the fine and imprisonment on each count were to run concurrently.
*671 On appeal, a panel of this court reversed, with one judge dissenting, and remanded for resentencing because the trial court did not adequately consider the sentencing guidelines. State v. Brown, 616 So.2d 792 (La.App. 2d Cir.1993). At a new sentencing hearing, defendant asserted for the first time a substance abuse problem. The trial court laboriously explained why the guideline’s recommendation of 12 to 21 months probation did not do justice and resentenced ^defendant to 39 months imprisonment at hard labor, fined him $2,500 and ordered him to pay court costs “as before.” Defendant’s motion to reconsider the sentence was denied. Defendant appeals claiming again that the trial court failed to adequately consider the PSG. We find that the trial court appropriately considered the FSG, properly departed upward and imposed a sentence which is not constitutionally excessive.

DISCUSSION

The statutory maximum penalty for medicaid fraud is five years with or without hard labor and/or a fine of not more than $10,000. LSA-R.S. 14:70.1. The FSG recommended 12-21 months probation.
The Louisiana Supreme Court recently ruled that the guidelines (FSG) are mandatory in that they must be considered and, to justify a gross deviation, a trial court must specify the aggravating circumstances and the factual basis supporting its reasons for departure. State v. Smith, 629 So.2d 333, 336 (La.1993).
In resentencing defendant, the trial judge diligently considered the penalty recommended by the guidelines and determined it to be unjustly charitable. The trial court carefully enunciated the aggravating circumstances justifying a more severe sentence and weighed the alleged mitigating factors.
The trial court found that defendant used his position or status to facilitate the commission of the offense, La.S.G. § 209(B)(4); the crime resulted in a significant economic loss and was a major economic offense, La.S.G. § 209(B)(9) & (14); and the offense was a controlled dangerous substance offense, La. S.G. § 209(B)(15).
IsThe offense involved multiple incidents for which separate sentences were not imposed, La.S.G. § 209(B)(11). Defendant pled guilty to 54 counts of medicaid fraud. During sentencing there was testimony that these 54 counts were only illustrative (i.e. the “tip of the iceberg”) of the offenses committed by defendant.
The trial court further noted defendant’s lack of remorse. The court stated that “[i]t appear[s] to the court that the defendant really refused to admit to anything unless pressed into a comer, and then he continually made excuses for his actions. To the court that is not remorse.” See State v. Stamper, 615 So.2d 1359, 1365 (La.App. 2d Cir.1993), modified on appeal, 624 So.2d 1208 (La.1993). Awaiting sentencing, defendant continued his pharmacy practice; however, approximately two weeks before the second sentencing hearing, his license as a pharmacist was suspended for continuing to dispense prescription drugs without authorization.
The record clearly reflects the trial court’s articulation of reasons for deviating from the FSG. We thus find that the trial judge adequately considered the guidelines and correctly followed the departure procedure.
Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. See LSA-Const. Art. 1, § 20 (1974). A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104, 110 (La.1983); State v. Madison, 535 So.2d 1024,1033 (La.App. 2d Cir.1988). We cannot say that the trial court abused its wide discretion in sentencing this defendant.

J¿¡CONCLUSION

Although the minutes of court and the sentencing transcript fail to specifically state that the sentences on each count were to run concurrently, it is clear from the record that the court intended to impose concurrent sentences “as before.” This court will amend the sentence to conform to the trial *672 judge’s obvious intent.[1] Thus, as to each count, defendant is sentenced to 39 months imprisonment at hard labor, a $2,500 fíne and court costs, with the sentences to run concurrently. The sentences, as amended, are affirmed.
The trial court is instructed to send appellant written notice of the three year prescriptive period for post-conviction relief within ten days of the rendition of this opinion and shall file written proof in the record that defendant received such notice.
AMENDED AND AFFIRMED AS AMENDED.
VICTORY, J., concurs in part, dissents in part.

. We note that the trial court actually imposed imprisonment that was 3 months less than that originally ordered.