643 So.2d 300 (1994)
STATE of Louisiana, Appellee,
v.
Thurman C. FARLEY, Appellant.
No. 26,377-KA.
Court of Appeal of Louisiana, Second Circuit.
September 21, 1994.
*301 Indigent Defender Office by John Lawrence, Stanley McDonald, Shreveport, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Lisa Rule and Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before LINDSAY, HIGHTOWER and BROWN, JJ.
LINDSAY, Judge.
The defendant, Thurman C. Farley, was convicted of DWI-third offense, in violation of LSA-R.S. 14:98. He was sentenced to serve three years at hard labor, the first year without benefit of probation, parole or suspension of sentence. The defendant appeals his sentence as being unconstitutionally excessive. For the reasons assigned below, we vacate the defendant's sentence and remand for resentencing.

FACTS
On January 1, 1992, the arresting officer encountered the defendant and his wife in the parking lot of a Shreveport liquor/grocery store. The officer was responding to an anonymous 911 call from a pay phone in the parking lot. The defendant, who was sitting behind the steering wheel of his car, called to the officer and engaged him in conversation. The officer smelled alcohol on the defendant's breath and admonished him not to drive. The defendant assured the officer that he would have someone else drive him home.
The officer then left the parking lot. A short time later he returned to the area of the liquor store. The officer observed the defendant driving out of the parking lot and pulled him over. The officer administered several field sobriety tests, which the defendant failed. He later refused an intoxilyzer test.
The defendant was charged with DWI-third offense. The underlying predicate convictions arose from guilty pleas to DWI charges entered on June 21, 1990, and August 24, 1990.
A bench trial on the present offense was held on October 21, 1993. The arresting officer and another officer who came into contact with the defendant shortly after his arrest testified that the defendant smelled of alcohol and appeared intoxicated. The defendant and his wife testified that he had not consumed any alcohol on the day of his arrest. *302 At the conclusion of the trial, the judge found the defendant guilty as charged.
On November 9, 1993, the defendant appeared for sentencing. Arguments were made by both defense counsel and the state. The defense argued that, since the defendant's only criminal record consisted of the predicate DWI offenses, he fell into Sentencing Guidelines grid 7F, which provided for a term of between 12 to 21 months in the intermediate sanction zone. He also asserted that this was a "typical" DWI case without an accident. The defense also stressed that the defendant was married, had 15 children (between his present wife and his former wife), and that he had retired from the Air Force with the rank of technical sergeant after 22 years of military service.
The state argued that a departure under the guidelines was warranted because the defendant drove a vehicle which could have been used as a dangerous weapon and he created a risk of bodily harm or death to more than one person, i.e., anyone else driving on the road at the same time. Due to these "aggravating" circumstances, the state sought imposition of the maximum sentence. In rebuttal, the defense argued that the factors urged by the state as aggravating circumstances were merely elements of the offense.
Without elaboration, the trial court sentenced the defendant to a term of three years at hard labor, the first year without benefit of probation, parole or suspension of sentence.[1]
The defendant filed a motion for reconsideration of sentence. He asserted that the sentence was excessive and exceeded the range recommended in Sentencing Guidelines grid 7F. He also contended that the trial court failed to state adequate reasons justifying a departure from the guidelines. The motion was denied.
The defendant appealed, arguing that the trial court erred in imposing an excessive sentence and in denying his motion to reconsider sentence.

DISCUSSION
The Louisiana Sentencing Guidelines are advisory to the sentencing judge. However, the trial court must properly consider the Guidelines and state for the record the considerations taken into account and the factual basis therefor in imposing sentence. State v. Brown, 616 So.2d 792 (La.App.2d Cir.1993); State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237; LSA-C.Cr.P. Art. 894.1. Both State v. Brown, supra, and State v. Smith, supra, emphasize the advisory nature of the Guidelines while acknowledging the mandatory language of LSA-C.Cr.P. Art. 894.1. (Although the Brown case was rendered before State v. Smith, supra, it was not overruled by the Smith case in any respect, and the two cases are completely consistent.)
Having properly considered the Guidelines, a trial judge has the complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive but is within the statutory sentencing range for the crime of which the defendant has been convicted, so long as the trial court states for the record the considerations taken into account and the factual basis for imposition of the sentence, as required by LSA-C.Cr.P. Art. 894.1. Where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines. State v. Smith, supra.
In the present case, the record fails to reflect consideration of the Guidelines by *303 the trial court.[2] Nor did the trial court make any effort to comply with the provisions of LSA-C.Cr.P. Art. 894.1(C) mandating that the court state for the record the considerations and factual basis therefor relied upon in imposing sentence.[3]
Additionally, we note that the so-called "aggravating" factors recited by the state, i.e., the use of a vehicle as a deadly weapon and the danger posed to other drivers, are elements found in all DWI cases. Thus, they fail to distinguish the present offense from a "typical" case as contemplated by the Guidelines. The record does not reveal whether these factors were relied upon by the trial court in its sentencing decision.
Based upon the trial court's failure to set forth, on the record, its consideration of the Guidelines and to outline the basis for its sentencing decision, we find it necessary to vacate the defendant's sentence and to remand the case to the trial court to allow it an opportunity to comply with LSA-C.Cr.P. Art. 894.1.

ERROR PATENT
The defendant requested that we review the record for any error patent. He specifically contends that the record does not reflect a waiver of his right to a jury trial.
The minutes demonstrate that at his arraignment on April 21, 1992, the defendant was informed that he could waive trial by jury, and that on October 20, 1993, he waived that right. However, on October 21, 1993, the state amended the bill of information against the defendant to correct the dates of the predicate DWI offenses. Thereafter, the defendant waived arraignment and pled not guilty. Although the minute entry of the court proceedings of October 21, 1993, states that the defendant waived his right to a jury trial again, the transcript is silent on this point. Therefore, the defendant contends that there is no valid waiver of trial by jury under the amended bill of information.
We find that the defendant's prior waiver of his right to jury trial remained valid even after the bill of information was amended. The only information corrected therein were the dates; all of the other information was accurate. Thus, the amendment did not change the nature of the charge against the defendant, and it did not prejudice him in any manner. See and compare State v. Anderson, 561 So.2d 189 (La.App. 5th Cir.1990).
We find no merit to the defendant's argument.

CONCLUSION
The defendant's conviction is affirmed. His sentence is vacated, and the matter is remanded to the trial court for resentencing.
SENTENCE VACATED; REMANDED FOR RESENTENCING.
HIGHTOWER, J., concurs with written reasons.
BROWN, J., dissents with written reasons.
HIGHTOWER, Judge, concurring.
State v. Brown, supra, insists that, to show proper "consideration" of the guidelines, "the record must reflect" four delineated elements. I dissented from the majority opinion there, and continue to question seriously the rigidity of its demands, especially in light of State v. Smith, supra ("[a]ll that a trial judge is required to do is consider the Guidelines and [in compliance with LSA-C.Cr.P. Art. 894.1] state for the record the considerations taken into account and the factual basis of the sentence imposed").
In the present case, however, the trial court clearly did not comply with LSA-C.Cr.P. Art. 894.1(C), by stating the considerations and factual basis of the sentence. Nor is it certain whether the court intended to "depart" from the designated guidelines *304 range or actually "reject" the guidelines, as may be proper.
Because of the trial court's failure to comply with LSA-C.Cr.P. Art. 894.1(C), I respectfully concur.
BROWN, Judge, dissenting.
A trial judge must consider the guidelines, but has complete discretion to reject them and impose any sentence within the statutory range which is not constitutionally excessive. State v. Smith, 93-0402 (La. 7/5/94), 639 So.2d 237. (Emphasis added).
In the present case, the trial court stated that it did consider the sentencing guidelines and took into account the arguments made by both defense counsel and the state. State v. Smith, supra, does not require that the trial court find any so-called "aggravating" factors. The trial court acted within its discretion in sentencing defendant within the range provided by the criminal statute. Under the circumstances of this case, the term imposed was not constitutionally excessive.
Thus, I respectfully dissent and would affirm defendant's conviction and sentence.
NOTES
[1] The court's reasons for sentence, in their entirety, are as follows:

"THE COURT: Considering the guidelines and arguments of counsel, the Court will sentence Mr. Farley to three years at hard labor; first year is without the benefit of probation, parole or suspension of sentence. Mr. Farley is also assessed the court costs of these proceedings. Thank you."
[2] A mere statement that the trial court has considered the Guidelines is insufficient. See State v. Brown, supra.
[3] In footnote 13 of State v. Smith, supra, the Louisiana Supreme Court recognized the ability of a reviewing court to remand a case to the trial court for supplementation when the trial judge fails to comply with LSA-C.Cr.P. Art. 894.1's requirement that he state for the record the considerations taken into account and the factual basis for the sentence imposed.