I t BROWN, Judge.
Defendant, Theotis Jacobs, was convicted of distribution of marijuana, a violation of LSA-R.S. 40:966(A), and sentenced to serve eight years at hard labor. On appeal, a different panel of this court affirmed defendant’s conviction but vacated his sentence because of the trial judge’s improper consideration of the Felony Sentencing Guidelines (“FSG”). State v. Jacobs, 25,824 (La.App. 2d Cir. 03/30/94), 635 So.2d 453. On remand, the trial court again sentenced defendant to eight years at hard labor. Defendant filed a motion to reconsider, which was denied by the trial court. Defendant appeals. We affirm.

DISCUSSION

In his motion to reconsider sentence, defendant asserted that the trial court imposed a sentence that failed to conform with the FSG. According to defendant, there were insufficient aggravating circumstances to justify a departure from the guidelines.
There is no merit to this argument. A trial judge is required to consider the guidelines, but has complete discretion to reject them and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of conviction. State v. Smith, 93-0402 (La.07/05/94), 639 So.2d 237. After consideration of the guidelines, the record must reflect the factual basis for the sentence imposed. LSA-C.Cr.P. Art. 894.1.
In sentencing defendant, the trial court reviewed a pre-sentence investigation report and the FSG.[1] LSA-R.S. 40:966(B)(2) *7 mandates a minimum sentence of five years imprisonment for distribution of marijuana. The guidelines, however, recommend a lesser sentence of 24-36 months. La.S.G. § 403(A). In hsuch a case that the trial court must, at least, impose the statutory minimum sentence. La.S.G. § 211.
The record reflects that the trial court articulated the factual basis for the sentence, noting defendant’s extensive misdemeanor record (reflecting multiple offenses against law enforcement officers) and employment history (indicating an income derived primarily from the sale of drugs). The judge also noted defendant’s attempt to deceive law enforcement officers about his identity and his lack of remorse.
Where the trial court has considered the guidelines and articulated a permissible factual basis in imposing sentence, this court’s review is limited to constitutional ex-cessiveness. Smith, supra; State v. Moore, 26,239 (La.App. 2d Cir. 08/17/94), 642 So.2d 679.
A sentence violates LSA-Const. Art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or amounts to nothing more than a purposeless and needless infliction of pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Bonanno, 384 So.2d 355 (La.1980); State v. Lee, 25,917 (La.App. 2d Cir. 05/04/94), 637 So.2d 656. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Lobato, supra; State v. Hogan, 480 So.2d 288 (La.1985); Lee, supra.
Absent a manifest abuse of the trial court’s great discretion to sentence within statutory limits, a sentence will not be set aside as excessive. Lobato, supra; State v. Square, 433 So.2d 104 (La.1983); State v. Bostic, 26,000 (La.App. 2d Cir. 05/04/94), 637 So.2d 591. LSA-R.S. 40:966(B)(2) provides for a minimum sentence of five years imprisonment and a fine of not more than $50,000. The trial court sentenced defendant to eight years at hard labor and did |8not impose a fine. We do not find defendant’s sentence to be constitutionally excessive.

CONCLUSION

For the reasons set forth above, defendant’s sentence is AFFIRMED.

. The trial court found that defendant fell within grid cell 4-F. However, defendant is properly *7 classified within grid cell 4-E based on his criminal history, which contains a number of misdemeanors. La.S.G. § 205(C)(3)(b).