649 So.2d 148 (1995)
STATE of Louisiana, Appellee,
v.
Elbert Joe LOFTON aka Shorty, Appellant.
No. 26,732-KA.
Court of Appeal of Louisiana, Second Circuit.
January 25, 1995.
Wm. `Rick' Warren, Indigent Defender Bd., Minden, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James M. Bullers, Dist. Atty., Whitley Graves, L. Charles Minifield, Asst. Dist. Attys., Minden, for appellee.
*149 Before MARVIN, LINDSAY and STEWART, JJ.
LINDSAY, Judge.
The defendant, Elbert Joe Lofton, appeals as excessive his sentence to twelve years at hard labor for the offense of distribution of marijuana. For the following reasons, we vacate the sentence and remand for resentencing.

FACTS
On October 15, 1992, the defendant sold three marijuana cigarettes for six dollars to an agent working with the Webster Parish Sheriff's Department. He was charged by bill of information with one count of distribution of marijuana and one count of distribution of a substance falsely represented to be marijuana, arising from a separate incident on November 2, 1992.[1]
On October 15, 1993, the defendant entered a plea of guilty to the charge of distribution of marijuana. In exchange for the plea, the prosecution dismissed the charge of distribution of a substance falsely represented to be marijuana.
At the guilty plea hearing, the trial court stated that the defendant would be allowed to remain free on bond pending sentencing. However, bail conditions were imposed upon the defendant. The defendant was ordered to refrain from drinking alcohol, using illegal drugs, going to bars, and carrying a weapon. Further, the appellant was ordered to receive substance abuse counseling, perform community service work one day a week, and report for drug-screening within 72 hours of entry of the guilty plea. The court stated that its decision regarding the defendant's sentence would be based largely upon compliance with these conditions.[2]
The defendant appeared for sentence on March 14, 1994. He admitted that during the five months which passed between his guilty plea and sentencing, he had failed to attend substance abuse counseling or perform any community service work as ordered by the court. Further, the defendant had trace amounts of marijuana in his system when tested shortly after the entry of the guilty plea.[3]
The defendant's presentence investigation report showed that he had two prior felony convictions for simple burglary. He received probated sentences in each case. On one conviction, probation was successfully completed. On the other conviction, probation was revoked. The defendant had also been convicted of criminal damage to property, a misdemeanor.
The presentence investigation determined that, under the Louisiana Sentencing Guidelines, the appropriate grid cell was 4B, which carries a recommended sentence of 66 to 84 months (5 to 7 years). However, due to the defendant's failure to abide by one of the "bail conditions," the trial court departed from the Guidelines grid and sentenced the defendant to serve 12 years at hard labor, with credit for time served.
The defendant filed a motion to reconsider his sentence which was denied by the trial court on May 20, 1994. The defendant then appealed, arguing that the sentence imposed was excessive.

DISCUSSION
The defendant argues that the reasons given by the trial court in departing from the Louisiana Sentencing Guidelines grid were insufficient and that the sentence imposed is excessive. After examining the record, we find that the trial court failed to properly consider the guidelines in pronouncing sentence in this case and therefore, the sentence is vacated.
In State v. Smith, 93-0402 (La. 07/05/94), 639 So.2d 237, the Louisiana Supreme Court held that the Louisiana Sentencing Guidelines are advisory to the sentencing judge. *150 However, the trial court must properly consider the guidelines and state for the record the considerations taken into account and the factual basis therefor in imposing sentence. See also State v. Brown, 616 So.2d 792 (La. App. 2d Cir.1993); LSA-C.Cr.P. Art. 894.1. Both State v. Brown, supra, and State v. Smith, supra, emphasize the advisory nature of the Guidelines, while acknowledging the mandatory language of LSA-C.Cr.P. Art. 894.1.
While the trial court must consider the sentencing guidelines, it may depart at its discretion within the statutory sentencing range and within the confines of a constitutionally acceptable sentence. State v. Smith, supra. If the court has considered the guidelines, the appellate court is limited in its inquiry to questions of constitutional excessiveness. State v. Smith, supra.
The court is deemed to have considered the guidelines if the record reflects that the trial court examined the guidelines, found the appropriate grid cell for a "typical case," looked for aggravating and mitigating factors to determine whether it could depart therefrom, and, if so, sentenced according to La.S.G. § 209. State v. Brown, supra; State v. Smith, 26,762-KA, (La.App. 2d Cir. January 25, 1995), 649 So.2d 145.
However, as stated in State v. Brown, supra, when there are no aggravating or mitigating factors present in the case, and when the sentencing judge feels strongly that a sentence within the designated sentence range of the guidelines grid will not do justice in the case, he may pronounce a sentence that is not in conformity with the guidelines, giving, of course, his reasons for the sentence, including the factual basis therefore. LSA-C.Cr.P. Art. 894.1(C). (Although the Brown case was rendered before State v. Smith, supra, it was not overruled by the Smith case in any respect, and the two cases are completely consistent.) See State v. Farley, 26,377, (La.App. 2d Cir. 9/21/94), 643 So.2d 300.
The court in State v. Brown, supra, stated that the record in that case failed to reflect that the sentencing judge properly considered the guidelines, although he mentioned them. In Brown, the trial court merely consulted the guidelines grid and failed to consider the remainder of the guidelines.
In this case, as in State v. Brown, supra, the record indicates that the trial court merely considered the guidelines grid rather than making its own review and consideration of the appropriate portions of the body of the sentencing guidelines in light of the facts of the present case.
The record in the present case shows that the trial court mentioned the sentencing grid computed in the presentence investigation, but did nothing more. This does not constitute consideration of the guidelines as contemplated by State v. Smith, supra, and State v. Brown, supra. Further, the sentencing court failed to demonstrate that this is not a "typical" case, warranting a severe sentence.[4] The defendant's performance of the bail conditions is not specifically outlined as an aggravating circumstance under La. S.G. § 209(B). Further, at this juncture, we are not persuaded that the violation of the "bail conditions" (inasmuch as the defendant partially complied with them and appeared in court when ordered) justified the sentence imposed in this case. Therefore, because the record reflects that the sentencing court failed to properly consider the guidelines in pronouncing sentence in this case, the sentence imposed is vacated and the case is remanded for resentencing in accordance with the instructions expressed in this opinion.

ERROR PATENT
Review of the record for error patent is made automatically in all criminal cases. LSA-C.Cr.P. Art. 920. LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing, the trial court shall inform the defendant of the prescriptive period for post conviction relief which is three years from the date the conviction becomes final. When the defendant *151 was sentenced in the present case, the court informed him that "you have three years to apply for any post conviction relief." The court failed to inform the defendant that the prescriptive period begins to run when the judgment of conviction is final. Accordingly, we direct that the district court, at resentencing, correctly inform the defendant of the provisions of LSA-C.Cr.P. Art. 930.8.

CONCLUSION
For the reasons stated above, the defendant's sentence is vacated and the case is remanded for resentencing.
SENTENCE VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] There is no evidence or information in the present record concerning the alleged offense.
[2] The defendant has not specifically complained of any of the bail conditions, such as the requirement that he perform community service work as a bail condition. Accordingly, the propriety of the "bail conditions" is not before us for review.
[3] There is no information in the present record concerning the defendant's drug use, other than the court's statement at sentencing.
[4] Although the defendant is a multiple offender, the state did not see fit to prosecute him under the recidivist statute, LSA-R.S. 15:529.1.