JjPER CURIAM.
The defendant, originally charged with carnal knowledge of a juvenile, pled guilty to an amended charge of attempted carnal knowledge of a juvenile. LSA-R.S. 14:27, 14:80 A(l). The trial court upwardly departed from the prescribed sentence under the Felony Sentencing Guidelines and sentenced defendant to four years at hard labor. Defendant timely filed a motion to reconsider sentence, urging that the court failed to consider that the sex act was voluntary. The motion was denied following a contradictory hearing wherein the court correctly noted that the victim’s consent is not an element of the offense. Defendant now appeals the sentence as excessive. We affirm.
On or about May 28, 1998, a 16-year-old girl was held against her will for three days in a trailer belonging to Kenneth Moore. Moore gave the girl liquor and blew crack cocaine in her face causing her to become intoxicated. The trailer did not have a bathroom. When the victim expressed a need for one, she was given a bucket.
The first night at the trailer, the defendant, Eric Smith, along with Kenneth Moore’s brother, Tracy, visited the trailer. All three of the men had sex with the girl while she was intoxicated. The victim testified that she asked the defendant to get off of her, but he did not stop. Defendant was 20 years old at the time.
At sentencing, the trial court articulated several aggravating and mitigating circumstances. The court found that defendant’s display of remorse and cooperation served to mitigate the severity of his actions. The *147 court found, however, that defendant’s actions were aggravated by his juvenile and adult criminal record, including involvement in disturbing the peace incident that occurred after the instant crime, his deliberate acts of cruelty to the victim, his |2knowledge of the victim’s particular vulnerability because of her age and the drug-induced state she was in, and the permanent mental injury to the victim.
The defendant fell within the 5-G grid cell classification under the Felony Sentencing Guidelines, which designates a sentencing range of 15 to 30 months. Based on the aggravating circumstances articulated by the court, the judge sentenced the defendant to four years at hard labor. The defendant claims this sentence is excessive.
LSA-Const. Art. 1, § 20 prohibits the imposition of an excessive sentence. A sentence is constitutionally excessive when it is grossly disproportionate to the severity of the crime and its only true function is to inflict needless pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). The sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Thompson, 25,583 (La.App. 2d Cir. 01/19/94), 631 So.2d 555. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Caros, 623 So.2d 207 (La.App. 2d Cir.1993), writ denied, 629 So.2d 1130 (La.1993).
While the trial court must consider the sentencing guidelines, it may deviate at its discretion within the statutory sentencing range and within the confines of a constitutionally acceptable sentence. State v. Smith, 93-0402 (La. 07/05/94), 639 So.2d 237. If the court has considered the guidelines, the appellate court is limited in its inquiry to questions of constitutional excessiveness. Smith, supra.
The court is deemed to have considered the guidelines if the record reflects that the trial court examined the guidelines, found the appropriate grid |gcell for a “typical ease,” looked for valid aggravating and mitigating factors to determine whether it could depart therefrom, and, if so, sentenced according to La.S.G. § 209. State v. Brown, 616 So.2d 792 (La.App. 2d Cir.1993).
For an aggravating circumstance to warrant an upward departure, it must significantly enhance the severity of the offense. La.S.G. § 209 B; Elements of the offense are not to be considered aggravating. State v. Adames, 25,766 (La.App. 2d Cir. 01/20/94), 631 So.2d 98, writ denied, 94-0451 (La. 06/03/94) 637 So.2d 497. The presence of one aggravating circumstance is sufficient for an upward departure. State v. Tate, 25,765 (La. App. 2d Cir. 02/23/94), 632 So.2d 1213.
Several of the aggravating circumstances articulated by the court lack validity. It is questionable whether the court has a factual basis for its statement that the victim will suffer “permanent mental injury.” No evidence was submitted as to the victim’s present or future mental state. Furthermore, the court’s assertion that the victim was particularly vulnerable because of her age is an element of the offense. Therefore, it cannot be included as an aggravating circumstance. Finally, because the defendant’s record was considered in calculating his criminal history score, it cannot also be declared an aggravating circumstance. State v. Norrell, 614 So.2d 755 (La.App. 2d Cir.1993).
The defendant’s display of deliberate cruelty toward the victim is an aggravating factor, however. At the hearing on the motion to reconsider sentence, the court heard testimony regarding the victim’s protestations to the defendant when they had sex. The defendant knew the victim was vulnerable due to her drug-induced state. The victim was being held captive at the trailer, and the court found defendant’s acts in furtherance of her captivity made him a principal to the offense. The court stated that the crime constituted kidnapping and rape.
LHaving found a valid aggravating circumstance to justify departure from the sentencing guidelines, we need not address the issue of whether the other factors were valid. State v. Jacobs, 25,705 (La.App. 2d Cir. 01/19/94) 631 So.2d 61; State v. Norrell, supra. The court properly considered the *148 guidelines and found this to be an atypical case. In light of the facts of this case, the defendant’s sentence is neither shocking nor unjust. The sentence is therefore not excessive.
We have examined the record for errors patent and found none. The conviction and sentence are affirmed.
AFFIRMED.